STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael J. RILEY, Defendant-Appellant.

Court of Appeals

*No. 92-1536-CR. Submitted on briefs February 3, 1993.—Decided March 9, 1993.*

(Also reported in 498 N.W.2d 884.)

215

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael D. Orzel* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *Paul Lundsten,* assistant attorney general.

Before Sullivan, Fine and Schudson, JJ.

FINE, J.   Michael J. Riley appeals from a judgment convicting him of operating an automobile without the owner's consent, *see* sec. 943.23(2), Stats., and from the trial court's order denying him post-conviction relief. The sole issue on appeal is whether he received the required credit for pre-sentence confinement. We affirm.

## I.

The facts pertinent to this appeal are not in dispute. On October 20, 1990, while confined at the Milwaukee House of Correction as a condition of probation, Riley escaped.[1] He was subsequently taken into custody and placed on a probation hold. On February 8, 1991, Riley escaped again.

On April 21, 1991, while on the run, Riley was arrested for the charge of operating an automobile without the owner's consent that underlies this appeal. On April 23, 1991, he made his initial appearance on this charge, and cash bail was set at $1,000. Riley did not post bail. On April 25, 1991, Riley was returned to the House of Correction for the remainder of his probation-ordered confinement, which expired on November 16, 1991.

---

[1] Section 973.09(4), Stats., authorizes confinement as a condition of probation:

> The court may also require as a condition of probation that the probationer be confined during such period of the term of probation as the court prescribes, but not to exceed one year. The court may grant the privilege of leaving the county jail or Huber facility during the hours or periods of employment or other activity under s. 303.08 (1) (a) to (e) while confined under this subsection. The court may specify the necessary and reasonable hours or periods during which the probationer may leave the jail or Huber facility or the court may delegate that authority to the sheriff. In those counties without a Huber facility under s. 303.09, the probationer shall be confined in the county jail. In those counties with a Huber facility under s. 303.09, the sheriff shall determine whether confinement under this subsection is to be in that facility or in the county jail. The sheriff may transfer persons confined under this subsection between a Huber facility and the county jail. While subject to this subsection, the probationer is subject to s. 303.08 (1), (3) to (6), (8) to (12) and (14), all the rules of the jail or Huber facility and the discipline of the sheriff.

On September 18, 1991, Riley pled guilty to the charge of operating an automobile without the owner's consent. On November 19, 1991, the trial court sentenced Riley to an indeterminate four-year period of incarceration. Although originally granting to Riley nine days of pre-sentence credit, the trial court later amended its order to increase the total to sixty-eight days, taking into account the delay between entry of the guilty plea and sentencing. Riley contends that he is entitled to pre-sentence credit of 213 days, from his arrest on April 21, 1991, to the day he was sentenced, November 19, 1991. We disagree.

## II.

Section 973.155(1), Stats., provides:

**Sentence credit.** **(1)** (a)  A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. As used in this subsection, "actual days spent in custody" includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:

1.  While the offender is awaiting trial;

2.  While the offender is being tried; and

3.  While the offender is awaiting imposition of sentence after trial.

(b)  The categories in par. (a) include custody of the convicted offender which is in whole or in part the result of a probation or parole hold under s. 304.06 (3) or 973.10 (2) placed upon the person for

the same course of conduct as that resulting in the new conviction.

These provisions are mandatory. *State v. Ward*, 153 Wis. 2d 743, 745, 452 N.W.2d 158, 159 (Ct. App. 1989). Whether Riley has received all of the credit to which he is entitled requires an application of the statute to the undisputed facts. This presents an issue of law that we decide *de novo*. *See State v. Gavigan*, 122 Wis. 2d 389, 391, 362 N.W.2d 162, 164 (Ct. App. 1984).

Although the precise issue presented by this case is a matter of first impression, its resolution is governed by *State v. Beets*, 124 Wis. 2d 372, 369 N.W.2d 382 (1985). *Beets* held that a defendant serving a sentence imposed following a revocation of probation that was triggered by a new crime is not entitled to have time served under that sentence credited to his subsequent sentence for the new crime. *Id.*, 124 Wis. 2d at 374-383, 369 N.W.2d at 383-387. The court rejected Beets' argument that because his new crime led to the probation revocation, the subsequent sentence following revocation was "at least partly 'in connection with' " that new crime. *See id.*, 124 Wis. 2d at 376, 369 N.W.2d at 384.

Riley makes two arguments in support of his argument that he is entitled to credit against his sentence on the charge of operating a motor vehicle without the owner's consent for the time he was confined as a condition of the earlier probation.

First, he contends that confinement as a condition of probation, authorized by section 973.09(4), Stats., is not a "sentence." *See Prue v. State*, 63 Wis. 2d 109, 113, 216 N.W.2d 43, 45 (1974). The short answer to this is to repeat what Justice Robert H. Jackson once wrote in another context: "One naturally asks, 'So what?' " *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 244 (1952).

Section 973.155(1), Stats., uses the terms "custody" and "confinement," not the word "sentence," to define the status that entitles a defendant to pre-sentence credit (although, of course, the statute recognizes that a person may be confined by a "sentence"). Indeed, Riley's argument in this regard is counterproductive to his appeal; section 973.155(1) clearly would not be applicable to his situation if the provision granted credit only for "sentences." Section 973.155(1) is not so limited.

Riley's second argument centers on the difference between being held in custody *in lieu* of bail, as he was, and being held in confinement as a condition of probation under section 973.09(4), Stats. In essence, he contends that custody at the Milwaukee House of Correction is less severe than it is at the Milwaukee County jail, and that probationers held at the House of Correction may be afforded various services that are unavailable to persons being held at the jail *in lieu* of bail. Although this argument might have force under certain circumstances, it is, on this record, purely speculative; there was no proof before the trial court on that issue.[2]

As *Beets* recognized, confinement resulting from prior criminal activity " 'is a continuing consequence of the original conviction' " even though it might be concurrent with pre-sentence custody related to the crime against which pre-sentence credit is sought. *See Beets*, 124 Wis. 2d at 378, 369 N.W.2d at 384-385 (citation omitted). As such, it follows that section 973.155(1) does not authorize credit for a term of confinement ordered for that prior criminal activity irrespective of whether

---

[2] We are bound by the record as it comes to us. *See In re the Guardianship of Eberhardy*, 102 Wis. 2d 539, 571, 307 N.W.2d 881, 895 (1981).

that confinement is a condition of probation or as the result of a sentence after revocation of probation. Riley is not entitled to credit for the days of his confinement that are attributable to the order of probation.

Riley was entitled to, at the most, nine days of presentence credit: April 21, 1991, the day he was first arrested on the charge of operating an automobile without the owner's consent, through April 25, 1991, when he resumed his confinement as a result of the earlier order of probation; and from November 16, 1991, when the term of confinement ordered as a condition of probation expired, to November 19, 1991, when he was sentenced on the new charge.[3]

*By the Court.*—Judgment and order affirmed.

---

[3] The trial court granted to Riley additional credit for the time from September 18, 1991, the date Riley pled guilty, through November 19, 1991, the day the trial court imposed sentence, even though for all but four of those days Riley was confined as a result of the earlier order of probation. We agree with the State that this was error. We also agree with the State that our mandate should not direct that Riley receive credit for only the nine days, which is the most to which he is entitled. Although this gives Riley a windfall, it avoids the appearance that he is being punished for having exercised his right to appeal. *Cf. Blackledge v. Perry*, 417 U.S. 21, 27-28 (1974) (violation of constitutional rights to penalize defendant for having taken an appeal).