STATE of Wisconsin, Plaintiff-Respondent,

v.

David VILLALOBOS, Defendant-Appellant.

Court of Appeals

*No. 94–2393–CR. Submitted on briefs June 6, 1995.—Decided July 26, 1995.*

(Also reported in 537 N.W.2d 139.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Peter DeWind* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Paul Lundsten*, assistant attorney general.

Before Brown, Nettesheim and Snyder, JJ.

NETTESHEIM, J.   David Villalobos appeals from the sentence credit provisions of an amended judgment

of conviction in a Kenosha County prosecution. Villalobos contends that a portion of his presentence custody in Racine County relating to a Racine County prosecution should have been credited to his sentence in this case. We reject Villalobos's argument. We affirm the amended judgment.

## FACTS

On December 15, 1989, Villalobos was arrested and taken into custody by Racine County authorities. The record does not reveal the specific reason for Villalobos's arrest. However, following his arrest, Villalobos was held in custody in Racine County, and he was prosecuted and convicted in that forum for possession of a controlled substance.[2] On May 7, 1990, the Racine County circuit court withheld sentence and placed Villalobos on probation for eighteen months. The court also ordered Villalobos to serve thirty days in the Racine County jail as a condition of probation.

The Racine County judgment credited Villalobos with fifty-three days of presentence custody.[3] Since the amount of this credit was in excess of the thirty days imposed as a condition of probation, Villalobos was not required to serve any further time under the Racine County judgment. This left Villalobos with twenty-three days of "unused" or "excess" credit. These twenty-three days of custody are the focus of this appeal.

---

[2] The parties' briefs also inform us that immediately following his arrest, Villalobos began serving a short sentence in the Racine County jail relating to a traffic conviction. The eight days of custody pertaining to this matter are not before us on this appeal.

[3] Actually, the Racine County judgment credited Villalobos with fifty-five days of custody. Villalobos concedes that the correct amount of custody should have been fifty-three days.

At the time of his arrest and ensuing custody during the prosecution of the Racine County drug matter, Villalobos was the subject of an outstanding Kenosha County warrant and complaint in the instant matter. This warrant and complaint had been issued on June 22, 1988, and recited a charge of injury by conduct regardless of life. The warrant recited cash bail in the amount of $20,000.

Following Villalobos's sentence on the Racine County matter, and after serving a short jail term on an unrelated matter,[4] Villalobos was transferred to Kenosha County and held in further custody as he answered to the charge in this case. Ultimately, he was convicted as a habitual criminal of recklessly endangering safety pursuant to §§ 941.30(1) and 939.62, STATS. The trial court sentenced Villalobos to forty months in prison, consecutive to another sentence he was then serving. After a series of postsentencing hearings regarding the amount of proper sentence credit, the trial court eventually credited Villalobos with 168 days of presentence custody.

This credit award, however, did not include the fifty-three days of credit which Villalobos had already received as credit in the Racine County matter. In his appellant's brief-in-chief, Villalobos challenges the trial court's denial of these fifty-three days as sentence credit. However, in his reply brief, Villalobos concedes the State's argument that *State v. Riley*, 175 Wis. 2d 214, 498 N.W.2d 884 (Ct. App. 1993), bars thirty days

---

[4] Villalobos's brief describes this confinement as "a commitment . . . on a municipal case." Like the short jail sentence Villalobos served when he was first taken into custody, the sixteen days of custody relating to this matter are also not before us on this appeal.

of his credit request. In *Riley*, the court of appeals held that jail time as a condition of probation on a different conviction is not available for sentence credit on a new sentence. *Id.* at 220-21, 498 N.W.2d at 886. Villalobos's thirty-day jail term as a condition of probation in the Racine County matter was fully satisfied by the Racine court's grant of fifty-three days' credit in that matter. Pursuant to *Riley*, Villalobos may not again receive credit in this case for the same thirty days already credited in the Racine case.

Thus, Villalobos narrows his credit claim in this case to the remaining twenty-three days of "unused" or "excess" Racine County custody. We now address this claim.

## *ANALYSIS*

Section 973.155(1)(a), STATS., provides that "[a] convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody *in connection with the course of conduct for which sentence was imposed.*" (Emphasis added.) In *State v. Demars*, 119 Wis. 2d 19, 26, 349 N.W.2d 708, 711-12 (Ct. App. 1984), we held that this statutory language required that the custody for which credit is sought "must . . . result from the occurrence of a legal event, process, or authority which occasions, or is related to, confinement on the charge for which the defendant is ultimately sentenced."

Villalobos contends that his Racine County custody was sufficiently related to the Kenosha County arrest warrant and complaint under the *Demars* test. In that case, Demars sought sentence credit against a Winnebago County sentence for presentence custody served in Fond du Lac County relating to a Fond du Lac

146

probation revocation proceeding. Demars based his credit request on a "detainer" filed by Winnebago County which requested Fond du Lac County to surrender Demars's custody when Demars was eligible for release. *Id.* at 21, 349 N.W.2d at 709.

The court of appeals held that Demars was not entitled to the sentence credit. The court observed that Demars had not been arrested on the detainer. *Id.* at 26, 349 N.W.2d at 712. Indeed, the court questioned whether such was possible. "A 'detainer' is not executed against a person, nor, standing alone, can it legally authorize custody." *Id.* at 24, 349 N.W.2d at 710-11.

Distinguishing *Demars*, Villalobos argues that here an arrest warrant with cash bail and complaint had been issued. We disagree that the difference in the form of the legal process changes the result. The teaching of *Demars* is that the mere existence of legal process does not, in and of itself, trigger custody. *Demars* offered some examples of custody which would qualify for sentence credit. *Id.* at 23, 349 N.W.2d at 710. In a situation involving an arrest warrant, *Demars* did not say that the mere existence of the warrant was sufficient. Rather, *Demars* said that an *arrest* was necessary. *See id.* Thus, *Demars* requires that the process be accompanied by some legal event or occurrence which "occasions, or is related to, confinement" on the charge referenced in the process. *Id.* at 26, 349 N.W.2d at 711-12.

Villalobos argues that he has shown this linkage because the Racine County jail records listing the various reasons for his custody include a reference to the Kenosha County charge in this case. We disagree that this kind of entry in a jail log demonstrates an "occurrence of a legal event, process, or authority" within the

meaning of *Demars. See id.* Like the detainer in *Demars,* all this entry connotes is Racine County's awareness that Kenosha County had an outstanding warrant for Villalobos's custody.

We have previously noted that the record here is silent as to the reason for Villalobos's initial arrest in Racine County. All we know is that following his arrest, Villalobos remained in custody in Racine County while he was prosecuted for a drug possession charge and while he served two short sentences or commitments relating to traffic and municipal matters. What is lacking is sufficient evidence demonstrating that Villalobos's initial arrest was based on the Kenosha County warrant or that the warrant was ever executed against Villalobos during his Racine County custody.

The law places the burden for demonstrating both custody and its "connection with the course of conduct for which sentence was imposed," § 973.155(1)(a), STATS., on the defendant who seeks such custody. *See State v. Cobb,* 135 Wis. 2d 181, 185 n.5, 400 N.W.2d 9, 11 (Ct. App. 1986). Villalobos has failed to meet this burden. Just as the *Demars* detainer, standing alone, was insufficient to constitute custody, so also was the unexecuted arrest warrant here.

We affirm the amended judgment of conviction.

*By the Court.*—Judgment affirmed.