STATE of Wisconsin, Plaintiff-Respondent,

v.

Scott A. ABBOTT, Defendant-Appellant. †

Court of Appeals

*No. 96–2051–CR. Submitted on briefs November 11, 1996.—Decided December 27, 1996.*

(Also reported in 558 N.W.2d 927.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Patricia A. Nitz* of *Harvey & Nixon, Ltd.* of Racine and *Losey and Harrold, Inc.* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Anne W. Fee.*

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J. The defendant, Scott A. Abbott, appeals from the second amended judgment of conviction entered on July 8, 1996, for battery as a habitual offender, contrary to §§ 940.19(1) and 939.62, STATS. The trial court sentenced Abbott to sixty days in the county jail with sentence credit from September 2 through September 14, 1995, and December 12 through December 22, 1995. Abbott was serving a previous sentence under the Department of Intensive Sanctions (DIS) when he committed the battery, and he now seeks additional sentence credit for the eighty-nine day DIS sanction. Because the eighty-nine day sanction was imposed for Abbott's violation of the rules applicable to DIS, and not as part of the presentence custody relating to the battery charge for which presentence credit is sought, we affirm the trial court's judgment of conviction and remand to permit the trial court to issue an amended judgment of conviction.

The facts pertinent to this appeal are not in dispute. In September 1994, Abbott was convicted of fleeing an officer and bail jumping, both felonies, for which he served thirteen months in the Division of Corrections. He was then administratively transferred to DIS where he completed a sixteen-week alcohol program. After completion of the alcohol program, but still under DIS supervision, Abbott was placed on electronic monitoring and resided at his uncle's home.

According to the criminal complaint, on September 2, 1995, David Lawrence, Abbott's uncle, returned home from church with his brother, Thomas Lawrence,

and a friend, Pat Lesniewski, when they found Abbott "sitting in the backyard drinking beer and getting high." David advised Abbott that he was in violation of his home monitoring rules and indicated that "his conduct would not be tolerated at the house." Abbott became angry and pushed and then punched David approximately three times in the face. David and Thomas struggled with Abbott and eventually pinned him down until officers arrived.

On September 5, 1995, Abbott was charged with battery as a habitual offender, in violation of §§ 940.19(1), 939.51(3)(a) and 939.62, STATS., which underlies this appeal. On September 6, Abbott was transferred to the Racine County Correctional Institute (RCCI). Thereafter, Abbott was given a DIS sanction of eighty-nine days which was served from September 14, 1995, through December 12, 1995.

In the meantime, Abbott pleaded no contest and was adjudged guilty of the charge of battery as a habitual offender on November 30, 1995. The trial court sentenced him to sixty days in the Racine county jail with sentence credit of six days.[1] Abbott filed a motion to reconsider the sentence credit. He sought additional credit from the time he was initially picked up until the completion of his battery sentence, including the DIS sanction. The trial court concluded that "the time spent in custody during the duration of the sanction is not related to the new course of conduct or the new arrest [and] . . . it is not available as sentence credit toward the new sentence." The trial

---

[1] Abbott was never revoked or discharged from the DIS program. His DIS agent, Heffel, approved Abbott for a transfer to Sparta, Wisconsin, where he will serve his sentence for the battery conviction which has been stayed pending resolution of this appeal. Abbott was released on a $500 signature bond.

court further determined that Abbott was entitled to sentence credit from September 2 through September 14, 1995, and December 12 through December 22, 1995, and ordered that the sentence credit be modified accordingly. Abbott appeals.

Abbott maintains that his DIS sanction resulted from the same conduct for which the criminal complaint was issued, thus entitling him to sentence credit including the eighty-nine day sanction. Sentence credit is authorized by § 973.155(1)(a), STATS., which reads in part: "A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." Whether Abbott has received all of the credit to which he is entitled requires an application of the statute to the undisputed facts. *State v. Collett*, 207 Wis. 2d 321, 323, 558 N.W.2d 642, 643 (Ct. App. 1996). This involves a question of law that we review without deference to the trial court. *Id.*

█

Although the issue here, whether Abbott's custody for the DIS sanction at RCCI was in connection with the battery for which sentence was imposed, is a matter of first impression, its resolution is governed by *State v. Beets*, 124 Wis. 2d 372, 369 N.W.2d 382 (1985), and *State v. Riley*, 175 Wis. 2d 214, 498 N.W.2d 884 (Ct. App. 1993).[2] In *Beets*, the court rejected the defendant's argument that because his new crime of

---

[2] Whether Abbott was in custody is not at issue. The record clearly establishes that Abbott was contained within RCCI from the date of transfer on September 6 and when he served the DIS sanction from September 14 through December 12, 1995. Physical detention by an institution constitutes custody, as that term is defined in § 946.42(1)(a), STATS., amended by 1995 Wis.

burglary led to the probation revocation, the subsequent sentence following revocation was "at least partly 'in connection with' " that new crime. *Beets*, 124 Wis. 2d at 376, 369 N.W.2d at 384. Rather, the court held that confinement resulting from prior criminal activity " 'is a continuing consequence of the original conviction' " that is "not related or connected to the burglary course of conduct." *Id.* at 378, 369 N.W.2d at 384-85 (quoted source omitted).

In *Riley*, we extended the rationale of *Beets* to conditions of probation. *Riley*, 175 Wis. 2d at 220-21, 498 N.W.2d at 886. There we held that the defendant was not entitled to credit against his new sentence, operating a motor vehicle without the owner's consent, for the time he was confined as a condition of the earlier probation. *Id.* at 221, 498 N.W.2d at 886. Since *Beets* tells us that confinement resulting from prior criminal activity is a continuing consequence of the original conviction, we also determined that § 973.155(1), STATS., does not authorize credit for a term of confinement ordered for that prior criminal activity irrespective of whether that confinement is a condition of probation or the result of a sentence after revocation of probation. *Riley*, 175 Wis. 2d at 220-21, 498 N.W.2d at 886.

We conclude that the same rationale as that expressed in *Beets* and *Riley* should be applied here as well. As in *Beets*, there is a temporal connection in this case because it was the battery arrest that triggered the DIS sanction on Abbott.[3] Thus, from September 2

Act 154 § 1, as well as *State v. Collett*, 207 Wis. 2d 321, 323, 558 N.W.2d 642, 643 (Ct. App. 1997).

[3] Although Abbott believes the DIS sanction resulted from the battery, the record does not make this clear and we are not

to September 6, "there was a relationship—not between the offenses but between the causes of the initial confinement on two separate charges." *Beets,* 124 Wis. 2d at 378, 369 N.W.2d at 385. The battery charge initiated the DIS review under WIS. ADM. CODE § DOC 333.08 that resulted in the eighty-nine day sanction.

■

Nevertheless, any connection which might have existed between custody for the potential DIS offenses and the battery was severed when Abbott was transferred to RCCI. From that time on, Abbott was in RCCI under DIS; and whether he was also awaiting trial on the battery charge is irrelevant because his freedom from confinement was not in any way related to the viability of the battery charge. His ability to make bail on the battery charge became immaterial. And he would still have been in confinement even if the battery charge had been dismissed. Thus, there is no logical reason why credit should be given on the battery charge for his service time in RCCI because of his prior DIS sentence for the felonies. *See Beets,* 124 Wis. 2d at 379, 369 N.W.2d at 385; *see also State v. Gavigan,* 122 Wis. 2d 389, 394, 362 N.W.2d 162, 165 (Ct. App. 1984).

■

We further conclude that the trial court erroneously granted Abbott sentence credit from the day of his transfer to RCCI, September 6, 1995, to the day he began to serve the eighty-nine day sanction,

---

convinced. According to the criminal complaint, Abbott was drinking and getting high prior to the actual battery. All three are considered major violations of the DIS rules of supervision and may have been determinative of the length of the sanction as well. *See* WIS. ADM. CODE § DOC 303.12; § DOC 333.07(2)(y) and § DOC 333.08(5).

September 14, 1995. Abbott's transfer to RCCI was the result of his being assigned to the Intensive Sanctions Program and, as we have explained, he was in custody and he was serving a previously imposed sentence. He is not entitled to any credit for this period toward the sentence imposed for battery because the days spent at RCCI were not in connection with the battery. Accordingly, we remand to the trial court with directions to issue an amended judgment consistent with this opinion.

*By the Court.*—Judgment affirmed and cause remanded with directions.