STATE of Wisconsin EX REL. Michael J. THORSON,†
Petitioner-Appellant-Petitioner,

v.

David H. SCHWARZ, Administrator, Division of
Hearing & Appeals, Respondent-Respondent.

Supreme Court

*No. 02–3380. Oral argument March 24, 2004.—Decided
July 1, 2004.*

2004 WI 96

(Also reported in 681 N.W.2d 914.)

† Motion for Reconsideration denied 10-29-04 (see 2004 WI
133.)

ABRAHMSON, C.J., dissents.
ROGGENSACK, J., dissents.
SYKES, J., took no part.

For the petitioner-appellant-petitioner there were briefs and oral argument by *Jefren E. Olsen,* assistant state public defender.

For the respondent-respondent the cause was argued by *Christopher G. Wren,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. ANN WALSH BRADLEY, J.   The petitioner, Michael J. Thorson, seeks review of an unpublished decision of the court of appeals affirming a circuit court

order denying sentence credit.[1] He argues that he is entitled to sentence credit for time spent at the Wisconsin Resource Center while awaiting evaluation and trial on a petition to commit him as a sexually violent person under Chapter 980 (1999–2000).[2] Because we determine that Thorson's detention under Chapter 980 satisfies neither the "in custody" nor "in connection with" requirements of Wis. Stat.§ 973.155, the sentence credit statute, we conclude that he is not entitled to receive the requested credit. Accordingly, we affirm the decision of the court of appeals.

I

¶ 2.   On November 1, 1991, Thorson was convicted of attempted second-degree sexual assault and false imprisonment. He was sentenced to 13 years in prison, with a mandatory release date of April 4, 2000.

¶ 3.   Shortly before his scheduled release, the State commenced an action to commit Thorson as a sexually violent person pursuant to Chapter 980. Thus, instead of being released from custody, Thorson was transferred to the Wisconsin Resource Center (WRC) for further evaluation. He remained there awaiting trial on the Chapter 980 petition.

¶ 4.   On September 16, 2000, a jury determined that Thorson was not a proper candidate for a Chapter 980 commitment because his mental disorder did not make it substantially probable that he would commit

---

[1] *State ex rel. Thorson v. Schwarz*, No. 02–3380, unpublished slip op. (Wis. Ct. App. September 3, 2003) (affirming an order of the circuit court for Eau Claire County, William Gabler, Judge).

[2] All statutory references are to the 1999–2000 version of the Wisconsin Statutes unless otherwise noted.

future acts of sexual violence. On September 20, 2000, Thorson was released on parole after being detained at the WRC for 170 days.

¶ 5. While on parole, Thorson made substantial progress in his rehabilitation. In April 2002, however, the Department of Corrections began revocation of parole proceedings, alleging that he had unauthorized contact with a child.

¶ 6. At the revocation hearing, the administrative law judge found that Thorson had violated the rules of his supervision and revoked his parole. Accordingly, he ordered Thorson to be reincarcerated for a period of ten months.

¶ 7. After the revocation, Thorson requested that he be granted 170 days of credit toward his term of reincarceration for time spent at the WRC awaiting his Chapter 980 trial. The administrative law judge denied the request. In doing so, he explained that he was not aware of any law that allowed "custody credit"[3] in a criminal case for detention in a civil commitment proceeding.

¶ 8. Thorson subsequently appealed the decision to the Division of Hearings and Appeals (DHA). The DHA administrator sustained the conclusion of the administrative law judge. He reasoned that the commitment proceeding was a separate legal matter and "[t]he fact that the court ordered [Thorson] confined pending

---

[3] Although the parties, along with the circuit court and court of appeals, describe the issue in this case as one of "sentence credit," the administrative law judge used the term "custody credit" instead. At oral argument, the State Assistant Attorney General explained that because Thorson's proceeding arises out of revocation, "this is not a true sentence credit case. This is actually what the Department of Corrections calls a custody credit case."

5

the outcome of that proceeding [did] not make that custody part of this case or entitle him to sentence credit for that confinement."

¶ 9. On July 23, 2002, Thorson filed a petition for a writ of certiorari, challenging the denial of sentence credit for his time spent at the WRC. The circuit court concluded that "[t]he Chapter 980 proceeding was commenced against Mr. Thorson for a wide variety of reasons, only one of which was his conviction for second-degree sexual assault in 91CF68. The reincarceration . . . had its roots in the criminal conviction from 91CF68 and had nothing to do with the Chapter 980 proceeding." Accordingly, the court dismissed the writ on the ground that Thorson's Chapter 980 detention was not "in connection with the course of conduct for which the sentence was imposed."

¶ 10. The court of appeals affirmed the circuit court's order. *State ex rel. Thorson v. Schwarz,* No. 02–3380, unpublished slip op. (Wis. Ct. App. September 3, 2003). Like the circuit court, the court of appeals held that Thorson's detention "was not in connection with the course of conduct for which his sentences were imposed." *Id.,* ¶ 3. It further concluded that Chapter 980 commitments are "a separate civil matter" and that the evaluation process at the WRC was to determine whether Thorson should be civilly committed.[4] *Id.,* ¶ 4.

## II

¶ 11. The issue in this case is whether a petitioner, reincarcerated for a parole violation, is entitled

---

[4] The court of appeals also rejected Thorson's due process argument that fundamental fairness required credit for the time he was detained at the WRC. *Thorson,* unpublished slip op. at ¶ 5. Because Thorson did not pursue this issue on review, we do not address it here.

to claim sentence credit for time spent in detention during the pendency of a Chapter 980 proceeding. Both the circuit court and court of appeals answered in the negative, affirming the decision of the DHA.

¶ 12. Our review of a parole revocation by certiorari is limited to four inquiries: (1) whether the agency stayed within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive, or unreasonable, representing its will, not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question. *Van Ermen v. DHSS,* 84 Wis. 2d 57, 63, 267 N.W.2d 17 (1978).

¶ 13. In the present case, our inquiry is focused on whether the DHA acted according to law when it rejected Thorson's claim. Resolution of this inquiry involves the interpretation and application of Wis. Stat.§ 973.155, the sentence credit statute. It presents a question of law subject to independent appellate review. *See State v. Tuescher,* 226 Wis. 2d 465, 468, 595 N.W.2d 443 (Ct. App. 1999) (citations omitted).

## III

¶ 14. We begin our discussion with an examination of Wis. Stat.§ 973.155. The statute governs sentence credit and provides in relevant part:

973.155 Sentence credit.

(1)(a) A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. As used in this subsec-

tion, "actual days spent in custody" includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:

1. While the offender is awaiting trial;

2. While the offender is being tried; and

3. While the offender is awaiting imposition of sentence after trial.

¶ 15. Under the language of the statute, two conditions must be met in order for a defendant to receive sentence credit: (1) the defendant must have been "in custody" for the period in question; and (2) the period "in custody" must have been "in connection with the course of conduct for which the sentence was imposed." Wis. Stat.§ 973.155(1)(a). We examine each of these requirements in turn.

## A. Custody

¶ 16. The term "custody" is not defined in Wis. Stat.§ 973.155. To fill this void, Wisconsin courts have relied upon the definition set forth in Wis. Stat.§ 946.42(1)(a), the escape statute. *See e.g., State v. Magnuson,* 2000 WI 19, ¶¶ 13–15, 233 Wis. 2d 40, 606 N.W.2d 536; *State v. Gilbert,* 115 Wis. 2d 371, 378–79, 340 N.W.2d 511 (1983); *State v. Cobb,* 135 Wis. 2d 181, 184–85, 400 N.W.2d 9 (Ct. App. 1986).

¶ 17. The definition of custody in Wis. Stat.§ 946.42(1)(a) provides in relevant part:

946.42 Escape. (1) In this section:

(a) "Custody" includes without limitation actual custody of an institution . . . . It does not include the custody of a probationer, parolee or person on extended

8

supervision by the department of corrections or a probation, extended supervision or parole officer or the custody of a person who has been released to aftercare supervision under ch. 938 unless the person is in actual custody or is subject to a confinement order under s. 973.09(4).

¶ 18.   Although the above definition is the necessary starting point for determining "custody" for sentence credit purposes, it is by no means the only consideration. This court has made clear that offenders must also be subject to an escape charge in order to be in "custody" for purposes of sentence credit. *Magnuson,* 233 Wis. 2d 40, ¶¶ 1, 25, 31, 47.

¶ 19.   In *Magnuson,* this court considered whether a person placed on in-home detention with electronic monitoring was in "custody" for sentence credit purposes. *Id.,* ¶ 1. We determined that "an offender's status constitutes custody for sentence credit purposes when the offender is subject to an escape charge for leaving that status." *Id.* Applying this bright line rule, we concluded that Magnuson's conditions of release did not subject him to an escape charge and therefore did not render him in custody. *Id.,* ¶ 48.

¶ 20.   In the present case, both parties agree that Thorson's detention at the WRC satisfies the broad definition of custody under Wis. Stat.§ 946.42. We too subscribe to this conclusion. While parolees are not normally considered to be in custody under the escape statute, Thorson was in actual custody at the WRC. This is supported by the fact that the Department of Health and Family Services (DHFS) is required to administer the WRC "as a correctional institution." Wis. Stat.§ 46.056(1).

¶ 21.   Where the parties disagree is whether Thorson was subject to an escape charge had he left the

WRC without authorization. Thorson contends that absconding from the WRC would have subjected him to escape under Wis. Stat.§ 946.42(3)(a) so as to entitle him to sentence credit under *Magnuson.* That statute specifies four situations in which the crime of escape can occur: (1) the defendant was under arrest for a crime; (2) the defendant was lawfully charged with a crime; (3) the defendant was lawfully convicted of a crime; or (4) the defendant was sentenced for a crime. *State v. Scott,* 191 Wis. 2d 146, 150, 528 N.W.2d 46 (Ct. App. 1995). Because Thorson had not yet been fully discharged from his sentence, he maintains that he could have been charged under the escape statute.

¶ 22.  The problem with Thorson's argument is its underlying premise. Thorson was not detained at the WRC because of his sentence for attempted second-degree sexual assault and false imprisonment. Rather, he was detained as a result of a separate discretionary decision to seek his commitment under Chapter 980.

¶ 23.  Although a sexually violent offense serves as one of the prerequisites for initiating a proceeding under Chapter 980, Wis. Stat.§ 980.02 specifies additional allegations that must accompany the petition in order to initiate an independent proceeding. These include allegations that the person suffers from a mental disorder and that the disorder "creates a substantial probability that he or she will engage in acts of sexual violence." Wis. Stat.§ 980.02(2)(b) and (c).

¶ 24.  Beyond the text of the statute, Thorson offers two more reasons why he was subject to an escape charge. First, Thorson notes that DHFS has adopted rules providing for the use of force, including lethal force, to prevent and capture escapees from the WRC. *See* Wis. Admin. Code §§ HFS 95.04, 95.05 and 95.06 (March 2004). He argues that it would be highly

anomalous to provide that a person who escapes or attempts to escape from the WRC could be subject to lethal force but could not be charged with escape under Wis. Stat.§ 946.42.

¶ 25. Second, Thorson contends that because the escape statute applies to individuals committed under Chapter 971 (mental disease or mental defect) or Chapter 975 (Sex Crimes Law), none of whom has fully passed through all stages of the criminal process, the escape statute must therefore also apply to individuals detained or committed under Chapter 980, all of whom are still subject to the underlying criminal sentence. Neither of these reasons aids Thorson's argument.

¶ 26. The department's rules on the use of force for individuals detained or committed under Chapter 980 do not create a contradiction with respect to the escape statute. Many of those housed at the WRC have established records of violent behavior. Because of their characteristics, the legislature has approved administrative rules that allow, as a last resort, the use of lethal force to protect the public.

¶ 27. If an anomaly does exist, it rests in Thorson's insistence that this court construe the escape statute expansively. Such a construction would expose himself and other similarly situated defendants to a criminal charge that the statute does not explicitly contemplate.

¶ 28. Thorson's argument concerning commitments under Chapter 971 and Chapter 975 is similarly unpersuasive. Both Chapter 971 and Chapter 975 are specifically referenced in the escape statute. Wis. Stat.§ 946.42(3)(g). Unlike those sections, there is no incorporation of Chapter 980 into Wis. Stat.§ 946.42.

We refuse to create a prosecutable offense for escape that the clear language of the statute does not authorize.

¶ 29.  In sum, while Thorson's status at the WRC satisfied the definition of custody under§ 946.42(1)(a), it did not leave him vulnerable to an escape charge had he absconded from his confinement. Because the State could not prosecute Thorson for escape, his detention at the WRC does not qualify under *Magnuson* as being in custody for purposes of Wisconsin's sentence credit statute.

## B. Connection with the Course of Conduct

█

¶ 30.  We address next the second requirement of the sentence credit statute that the time spent in custody must be "in connection with the course of conduct for which sentence was imposed."[5] Wis. Stat.§ 973.155(1)(a). The administrative law judge, the DHA, the circuit court, and the court of appeals all held that if Thorson were in custody, it was not "in connection with" the offense for which he was sentenced because a Chapter 980 proceeding is a separate civil matter.

¶ 31.  The phrase "course of conduct" was explicitly construed by the court of appeals in *Tuescher.* 226 Wis. 2d at 465. There, the court considered two possible interpretations of the phrase. One was that it should be read broadly to mean "criminal episode." *Id.* at 471. The

---

[5] Additionally, Thorson asserts that his detention at the WRC was "related to an offense for which sentence was imposed." Wis. Stat.§ 973.155(1)(a). Because Thorson did not previously present this argument to the court of appeals, however, we deem it waived.

other was that it should be construed narrowly to mean "the specific 'offense or acts' embodied in the charge for which the defendant is being sentenced." *Id.* Based on the history of the statute and prior case law, the court adopted the narrower interpretation. *Id.* at 479.

¶ 32.   In his brief, Thorson contends that the specific offense that resulted in his conviction and sentence is the same one on which his Chapter 980 petition and custody in the WRC were based. He notes that no new acts were committed that would enable the State to commence a Chapter 980 proceeding. Furthermore, Thorson asserts that his detention at the WRC was factually connected to the conduct for which he was sentenced.

¶ 33.   Yet, at oral argument, in response to Schwarz's description of the predicate offenses, Thorson's counsel acknowledged that "there are other predicate acts from sentences long ago discharged." Schwarz noted that in Chapter 980 petitions the conviction for which a defendant is serving operates as a predicate offense, but it is not necessarily the only predicate offense. Chapter 980 petitions often refer to other violations that may be qualifying offenses.[6] Schwarz concluded: "In Mr. Thorson's case, he has another qualifying conviction. Unfortunately the petition is not part of the record."

¶ 34.   In either instance, Thorson's "in connection with" argument misses the mark. Even assuming that his time at the WRC qualifies as a "sentence," Thorson was not detained for the specific offense that caused his original conviction. Rather, the filing of a Chapter 980

---

[6] A qualifying offense for purposes of Chapter 980 means "sexually violent offense" as the term is defined in Wis. Stat.§ 980.01(6).

petition was the reason for his detention. Chapter 980 commitments are separate civil matters. *See State v. Carpenter,* 197 Wis. 2d 252, 258, 541 N.W.2d 105 (1995).

¶ 35.  It is true that Chapter 980 proceedings are "enveloped on both sides by criminal conduct." *State v. Burgess,* 2003 WI 71, ¶ 19, 262 Wis. 2d 354, 665 N.W.2d 124. It is also true that such proceedings share many of the same procedural and constitutional features present in criminal prosecutions. *State v. Curiel,* 227 Wis. 2d 389, 417, 597 N.W.2d 697 (1999). However, these facts do not change the reason why Thorson was at the WRC.

¶ 36.  A fundamental problem with Thorson's argument is that conceptually there is no way to distinguish time spent in pretrial detention from time spent following an actual commitment. In addition to the predicate qualifying offenses, the detention time is based on a probable cause determination that the detainee has a mental disorder, which creates a substantial probability that he or she will reoffend. *See* Wis. Stat.§ 980.02(2) and (3). The commitment time is based upon a beyond a reasonable doubt determination that the detainee has a mental disorder which creates a substantial probability of future reoffense.

¶ 37.  If this court were to accept Thorson's "in connection with" argument, all Chapter 980 confinements, whether for detention or for commitment, in effect become an offset to the criminal sentence. His argument integrates Chapter 980 into the underlying criminal proceedings, a result which the legislature specifically attempted to preclude.

¶ 38.  In sum, we determine that Thorson's detention at the WRC under Chapter 980 satisfies neither the "in custody" nor "in connection with" requirements of

Wis. Stat.§ 973.155, the sentence credit statute. We therefore conclude that the DHA acted according to law when it rejected Thorson's requested credit. Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 39.  DIANE S. SYKES, J. took no part.

¶ 40. SHIRLEY S. ABRAHAMSON, C.J. (*dissenting*).  I conclude that under Wis. Stat.§ 973.155, the sentence credit statute, Thorson should be granted 170 days for credit toward his term of reincarceration for time spent in WRC awaiting evaluation and trial under ch. 980.

¶ 41.  Thorson was involuntarily institutionalized in WRC by the State for the 170 days. WRC is listed as a state prison;[1] the Department of Health and Family Services is required to administer WRC as a correctional institution and the employees at WRC are employees of the Department of Corrections.[2] If Thorson was not in custody during this 170 days, who ever is in custody? If Thorson left WRC without permission, the state would not look kindly on his move. The statute should be interpreted as written.

¶ 42.  Although Thorson was held for possible ch. 980 proceedings, the State failed to prove Thorson a ch. 980 committee. Thorson's period in custody at WRC was in connection with the course of conduct for which his criminal sentence was imposed. Chapter 980 proceedings rely heavily on the criminal justice system. Chapter 980 proceedings are triggered by a criminal conviction for a sexually violent offense. The sexually

---

[1] *See* Wis. Stat.§ 302.01(1)(a).

[2] *See* Wis. Stat.§ 46.056(1)(2).

15

violent offense was both the course of conduct that resulted in his prison sentence and the course of conduct that was the basis for the ch. 980 petition.

¶ 43.   The State sought the opportunity to prove Thorson was sexually violent pursuant to ch. 980 and precluded the parole board from addressing his case for 170 days. I agree with Justice Roggensack's dissent that "[f]undamental fairness should cause the State to be required to grant sentence credit for 170 days that the State caused Thorson to be held at WRC."[3]

¶ 44.   For the reasons set forth, I dissent.

¶ 45. PATIENCE D. ROGGENSACK, J. *(dissenting)*. In order to receive sentence credit for the period of time between the filing of the ch. 980 petition and Michael J. Thorson's release on parole, which release followed the jury determination that the State failed to prove he was a sexually violent person, Thorson must show that he was in custody in connection with his criminal conviction and that if he walked away from his confinement prior to parole, he would have been subject to escape charges. *State v. Magnuson*, 2000 WI 19, ¶ 25, 233 Wis. 2d 40, 606 N.W.2d 536; *State v. Gilbert*, 115 Wis. 2d 371, 378, 340 N.W.2d 511 (1983). I conclude that the filing of the ch. 980 petition provided only an additional reason for Thorson's continued custody, which reason did not negate the State's custody of Thorson in connection with the course of conduct for which he was imprisoned. Accordingly, Thorson would have been subject to an escape charge if he left his place of confinement without permission. Therefore, I also conclude that he is entitled to sentence credit for the period of time between the filing of the ch. 980 petition

---

[3] Justice Roggensack's dissent, ¶ 65.

and his release on parole. As the majority concludes otherwise, I respectfully dissent.

## I. BACKGROUND

¶ 46. In 1991, Thorson was sentenced to a thirteen-year prison sentence for attempted second-degree sexual assault and false imprisonment. His mandatory release date was April 4, 2000. After serving nine years of that sentence, and within 90 days prior to his mandatory release date, the State filed a petition pursuant to Wis. Stat.§ 980.02[1] to have Thorson committed as a sexually violent person. Instead of being released on parole, Thorson was transferred to the Wisconsin Resource Center (WRC). The State held Thorson in custody for 170 days until its ch. 980 petition was resolved. On September 16, 2000, a jury found that the State had not proved Thorson was a sexually violent person, and on September 20, 2000, the State released Thorson on parole.

¶ 47. In May 2002, the State revoked Thorson's parole and reincarcerated him for a period of ten months. Thorson asked the Division of Hearing and Appeals (DHA) to grant him sentence credit for the

---

[1] Wisconsin Stat.§ 980.02(2) provides in relevant part:

A petition filed under this section shall allege that all of the following apply to the person alleged to be a sexually violent person:

(a) The person satisfies any of the following criteria:

1. The person has been convicted of a sexually violent offense.

. . .

(ag) The person is within 90 days of discharge or release, on parole, . . . from a sentence that was imposed for a conviction for a sexually violent offense . . . .

time he spent at the WRC. The DHA denied him credit. Both the circuit court and court of appeals affirmed that decision. Thorson petitioned this court for review.

## II. DISCUSSION

A. Standard of Review

¶ 48.   Whether Thorson is entitled to sentence credit for the time he spent at the WRC requires application of Wisconsin's sentence credit statute, Wis. Stat.§ 973.155. Statutory application is a question of law that we review de novo. *State v. Tuescher*, 226 Wis. 2d 465, 468, 595 N.W.2d 443 (Ct. App. 1999).

B. Wisconsin Stat.§ 973.155—Sentence Credit Statute

¶ 49.   Deciding Thorson's appeal requires us to apply Wis. Stat.§ 973.155. Section 973.155(1)(a) provides:

> A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. As used in this subsection, "actual days spent in custody" includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:
>
> 1. While the offender is awaiting trial;
>
> 2. While the offender is being tried; and
>
> 3. While the offender is awaiting imposition of sentence after trial.

¶ 50.   We previously have concluded that the plain meaning of Wis. Stat.§ 973.155 requires that sentence credit be granted only for time when an offender is "in

custody" that is "in connection with the course of conduct for which sentence was imposed." *See Gilbert*, 115 Wis. 2d at 376–77 (stating that "Sec. 973.155(1)(a), Stats., is not susceptible to more than one interpretation . . . ."). Our task, then, is to apply the concepts of "in custody" and "in connection with," as they have been interpreted, to Thorson's case. Therefore, in order for Thorson to obtain sentence credit for the 170 days he spent at the WRC, he must show that he was actually confined there in connection with the conduct that resulted in his criminal conviction, and that he would have been subject to an escape charge if he left that confinement without permission.

1. In custody

¶ 51.     Wisconsin Stat. § 973.155 does not define "in custody." However, we have examined this portion of the statute previously, and have concluded that the phrase "in custody" for purposes of the sentence credit statute has the same meaning as the definition of "custody" in the escape statute, Wis. Stat. § 946.42. *Gilbert*, 115 Wis. 2d at 378–79; *Magnuson*, 233 Wis. 2d 40, ¶ 13. Section 946.42(1)(a) defines "custody" as follows:

> "Custody" includes without limitation actual custody of an institution . . . . It does not include the custody of a probationer, parolee or person on extended supervision by the department of corrections or a probation, extended supervision or parole officer or the custody of a person who has been released to aftercare supervision under ch. 938 [the juvenile justice code] unless the person is in actual custody or is subject to a confinement order under s. 973.09(4).

(emphasis added).

¶ 52.     There is no question that Thorson was in custody, as defined in Wis. Stat. § 946.42, as the WRC confined him, and therefore he was in "actual custody of

19

an institution." *Id.* Both parties, and the majority, agree on this point. Majority op., ¶ 20. However, the majority points out that Thorson's being in actual custody does not end the custody analysis. Citing *Magnuson,* 233 Wis. 2d 40, ¶ 25, the majority determines that Thorson also must be subject to an escape charge for leaving that custody. Majority op., ¶ 18.

¶ 53. In *Magnuson,* the defendant requested sentence credit for the six months that he was subject to home-confinement and electronic monitoring as part of his bond conditions. We agreed with the circuit court that Magnuson appropriately was denied sentence credit. *Magnuson,* 233 Wis. 2d 40, ¶ 1. We determined that "an offender's status constitutes custody for sentence credit purposes when the offender is subject to an escape charge for leaving that status." *Id.* The concept of "status" is important because it allowed us to expand the definition of custody we used in *Gilbert* so that we could include "other custodial and restrictive situations" that are not specifically enumerated in the escape statute and that arose after we decided *Gilbert.*[2] *Id.,* ¶¶ 26–31. Therefore, we concluded that an offender is in custody whenever the offender is subject to an escape charge under Wis. Stat.§ 946.42 *or* under any "other statutory provisions in which the legislature has classified certain situations as restrictive and custodial by

---

[2] Among the other "custodial and restrictive situations" we named in *Magnuson* were the community residential confinement program (Wis. Stat. § 301.046(1)), the intensive sanctions program (Wis. Stat.§ 301.048), home detention (Wis. Stat.§ 302.425), county work camp (Wis. Stat.§ 303.10), the work release plan for prison inmates (Wis. Stat.§ 303.065), and the serious juvenile offender program (Wis. Stat.§ 938.538). *State v. Magnuson,* 2000 WI 19, ¶¶ 26–31, 233 Wis. 2d 40, 606 N.W.2d 536.

attaching escape charges for an unauthorized departure from those situations." *Id.,* ¶ 26.

¶ 54.  In my view, we need not use *Magnuson* to conclude that Thorson was in custody for purposes of the sentence credit statute because Thorson's custody was of a type specifically listed in Wis. Stat.§ 946.42(1)(a). Thorson's circumstances in regard to custody are similar to those in *Gilbert,* which case controls the question before us regarding the definition of "in custody" for purposes of sentence credit when the offender is a ch. 980 detainee in the actual custody of an institution. Therefore, I would apply *Gilbert* when the offender is in actual custody, and *Magnuson* to circumstances where an offender is not in custody of a type listed in § 946.42(1)(a).

¶ 55.  In *Gilbert,* the defendants each had been incarcerated for short periods of time as part of their probation conditions. *Gilbert,* 115 Wis. 2d at 374–75. We determined for the purposes of sentence credit, the common meaning of "custody" was applicable to describe the defendants' situation; however, we also relied on special materials drafted by the Wisconsin Criminal Jury Instruction Committee that said that the definition of "custody" in the escape statute could be used to define "custody" in the sentence credit statute. *Id.* at 378–79. Further, we concluded that confinement even as a condition of probation was still considered "custody." *Id.* at 380. We made no mention that the defendant must also be subject to an escape charge for leaving custody. We did not need to do so. As the defendants in *Gilbert* were actually confined within an institution, and if they left "without lawful permission or authority," they would have been subject to an escape

21

charge. Wis. Stat.§ 946.42(3).[3] Accordingly, I would conclude that *Gilbert* controls the "custody" issue here because Thorson was in custody within an institution in two capacities: as one convicted of a crime and also as a ch. 980 detainee.

¶ 56. According to our holding in *Gilbert,* Thorson was in custody under Wis. Stat.§ 946.42(1)(a) and therefore, satisfied the "custody" requirement for sentence credit under Wis. Stat.§ 973.155. Furthermore, even though I do not agree that we must use *Magnuson*'s "escape requirement" to analyze Thorson's situation, were I to apply *Magnuson,* Thorson would be "in custody" because he satisfies that requirement as well.

¶ 57. It is true, as the majority asserts, that Wis. Stat.§ 946.42(1)(a) does not list a person who escapes from commitment under ch. 980 as being one who is subject to an escape charge. Majority op., ¶ 28. However, Thorson was never a ch. 980 committee. This is so because until the ch. 980 process is completed, when the court or jury determines that the person subject to a ch. 980 petition is a sexually violent person and the court actually commits the person to the custody of the Department of Health and Family Services, that person is not a civil committee. Wis. Stat.§ 980.06.

¶ 58. Prior to the State's filing a ch. 980 petition, an offender's status is as one in custody due to sentencing for a crime. The petition that the State files to attempt to commit an offender under ch. 980 is based

---

[3] Wisconsin Stat. § 946.42(3) provides in relevant part:

A person in custody who intentionally escapes from custody under any of the following circumstances is guilty of a . . . felony:

(a) Pursuant to a legal arrest for, lawfully charged with or convicted of or sentenced for a crime.

on the conviction for a sexual crime—the very conviction for which the offender is serving a sentence. Wis. Stat.§ 980.02(2)(ag). That Thorson's status as an incarcerated felon continued during his detention for the ch. 980 proceedings becomes apparent when we notice that even after the State failed to prove that he was sexually violent, Thorson remained incarcerated. He was released several days after the jury reached its verdict, but only after the parole commission authorized the release. *See* Wis. Stat.§ 304.06(1).

¶ 59.   The majority views Thorson's status as if he were only a committed sexual offender and explains that it fears exposing Thorson and those similarly situated to criminal escape charges when it believes there is no statutory authority to do so. *See* majority op., ¶¶ 27–28. The basis for exposing violent sexual offenders who are detained due to pending ch. 980 petitions to escape charges, however, is not the ch. 980 petition, but their original criminal convictions.

¶ 60.   I note that in one effort to show Thorson could not be charged with escape, the majority asserts, "the legislature has approved administrative rules that allow, as a last resort, the use of lethal force to protect the public." Majority op. ¶ 26. However, the provision to which I assume the majority refers, Wis. Admin. Code § HFS 95.06(1)(c)1.d. (Feb., 2002), authorizes the amount of force that can be used to *prevent* an escape from the WRC. The majority does not address the consequences of a successful escape attempt. That is, if a ch. 980 detainee attempts escape from the WRC and succeeds, lethal force notwithstanding, the majority cannot argue that the escaped detainee would suffer no consequences once he is apprehended. Undoubtedly, he would be charged with a criminal offense, which I conclude is escape. Wis. Stat.§ 946.42. Section HFS

95.06(1)(c)1.d. is no more than a parallel provision to Wis. Admin. Code § DOC 306.07(4)(d) (Aug., 2001), which permits the use of "deadly force" to prevent an escape of one who is in the custody of the Department of Corrections.

¶ 61.  Accordingly, I would conclude that even under the majority's use of *Magnuson,* Thorson was in custody as he would have been subject to an escape charge had he left because he had not been released from his original sentence prior to the filing of the ch. 980 petition nor during his detention while that petition was pending. Therefore, Thorson satisfies the first condition under Wis. Stat.§ 973.155 for sentence credit. However, in order to receive sentence credit, Thorson's time in custody also must be "in connection with the same course of conduct" for which sentence was imposed.

### 2. In connection with

¶ 62.  "The clear intent of sec. 973.155, Stats., is to grant credit for each day in custody regardless of the basis for the confinement as long as it is connected to the offense for which sentence is imposed." *Gilbert,* 115 Wis. 2d at 380.[4] The majority argues that Thorson's time spent at the WRC was not "in connection with" his offense because the reason for his detention was the filing of the ch. 980 petition, not the specific facts of his offense. Majority op., ¶ 34. This reasoning fails to acknowledge that the filing of a ch. 980 petition ex-

---

[4] In one instance, this court did provide that a defendant who was charged with attempted kidnapping was entitled to sentence credit for the time he spent in a state hospital pursuant to a court-ordered sex deviate exam under Wis. Stat.§ 975.02. *Clark v. State,* 92 Wis. 2d 617, 642–44, 286 N.W.2d 344 (1979).

pressly recognizes that an offender is still serving time for a sexual crime. Wis. Stat.§ 980.02(2)(ag) (requiring a petition seeking civil commitment against an offender to be made within 90 days of an offender's discharge from a sentence imposed for the conviction of a sexually violent crime). Therefore, the State's ability to file a ch. 980 petition arises directly from the same set of facts from which Thorson's criminal conviction and incarceration arose. In holding that the only reason an offender is subject to a ch. 980 proceeding is because the State filed a petition, the majority's rationale inappropriately severs a ch. 980 petition from the original offense.[5] *See* majority op., ¶ 34. This severance is contrary to the explicit language of § 980.02(2)(ag), which requires connection.

¶ 63. The majority also points out that ch. 980 proceedings are separate civil matters. Majority op., ¶ 34. *See State v. Carpenter,* 197 Wis. 2d 252, 258, 541 N.W.2d 105 (1995). But why this precludes offenders from receiving sentence credit when a ch. 980 petition fails is unclear. Where, as here, the offender has met the

---

[5] The majority asserts the State's petition was warranted because Thorson had committed other predicate offenses, the sentences for which had been discharged, which would have qualified Thorson for a ch. 980 petition had a petition been filed. *See* majority op., ¶ 33. According to the majority, then, Thorson's most recent offense was merely another predicate offense on which to base the petition and therefore, Thorson's detention at the WRC was not sufficiently connected to the specific crime for which sentence was imposed. *See* majority op., ¶¶ 33, 34. This logic fails to recognize that the event that resulted in Thorson's incarceration was a necessary component of the ch. 980 petition. *See* Wis. Stat.§ 980.02(2)(ag).

requirements of the sentence credit statute and the petition fails, the State should grant the offender sentence credit.

¶ 64. Furthermore, the majority fears that granting Thorson sentence credit will result in "all Chapter 980 confinement, whether it is for detention or for commitment, [to] in effect become an offset to the criminal sentence." Majority op., ¶ 37. Once again, the majority demonstrates that it is not distinguishing between a committed offender and a convicted criminal. *See id.* Once a person is committed under ch. 980, his or her status as a criminal ends, and that individual's status as a committed sex offender begins. It is at this point, when civil commitment occurs, that sentence credit can no longer be offset against the original criminal sentence because the offender's confinement is no longer as a criminal, but as a committee who is confined for treatment, not punishment. *See State v. Keith,* 216 Wis. 2d 61, 72, 573 N.W.2d 888 (Ct. App. 1997).

¶ 65. And finally, as a matter of public policy, which should always be grounded in fairness, I do not understand the State interest that is being served by not crediting the 170 days to the years remaining on Thorson's sentence. The State had the opportunity to attempt to prove Thorson was sexually violent, and in so doing, it precluded the parole board from addressing Thorson's case. Thorson had no say in the matter. Fundamental fairness should cause the State to be required to grant sentence credit for 170 days that the State caused Thorson to be held at WRC.

## III. CONCLUSION

¶ 66. For the foregoing reasons, I conclude that Thorson should have been granted sentence credit for

the 170 days he spent at the WRC. I would apply this sentence credit against the time remaining on his sentence as a whole. Because the majority concludes otherwise, I respectfully dissent.