STATE of Wisconsin,
Plaintiff-Respondent,

v.

Lee Terrence PRESLEY,
Defendant-Appellant.

Court of Appeals

*No. 2005AP359–CR. Oral argument March 7, 2006.
—Decided April 18, 2006.*

2006 WI App 82

(Also reported in 715 N.W.2d 713.)

Fɪɴᴇ, J. concurs.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard D. Martin*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Michael C. Sanders*, assistant attorney general.

Before Fine, Curley and Kessler, JJ.

¶ 1. CURLEY, J. Lee Terrence Presley appeals the judgment convicting him of delivery of a controlled substance, contrary to WIS. STAT. § 961.41(1)(cm)1g. (2003–04).[2] He also appeals from the order partially denying him sentence credit. He submits that the trial court should have given him sentence credit on the newest charge of delivery of a controlled substance for days he spent in jail between the date his extended supervision in an earlier case was revoked and the date that the trial court sentenced him on both his revoked extended supervision and the new charge of delivery of a controlled substance. We agree and reverse.

## I. BACKGROUND.

¶ 2. Presley was arrested on January 2, 2004, by an undercover police officer after Presley offered to

---

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

purchase cocaine for the officer. He was charged with delivery of a controlled substance, cocaine. Because Presley had been convicted of the identical crime several years earlier, he was still serving his period of extended supervision on the earlier case when he was arrested and became subject to the penalties associated with a second or subsequent offense under WIS. STAT. § 961.48. As a consequence, Presley's extended supervision was revoked on March 17, 2004, and he pled guilty to the new charge shortly thereafter. Sentencing on both the revoked extended supervision and the new charge occurred on the same day. A pretrial incarceration credit report was submitted to the court, reflecting that Presley had been in custody for 138 days from the date of his arrest until the date of sentencing. On the new charge, Presley was sentenced to thirty months of incarceration and thirty months of extended supervision. On the old case, the trial court accepted the recommendation of the Department of Corrections and reconfined him for five months and three days. The trial court ordered the sentences to be served concurrently, and gave Presley sentence credit on the new charge for the time he spent in custody from the date he was arrested to the date his supervision was revoked. Despite the trial court's pronouncement, the judgment of conviction did not reflect any credit on the new sentence.[3] Presley filed a postconviction motion seeking sentence credit on the new charge for the time he spent incarcerated between the date of his arrest to the date of revocation on the earlier case. Later, he filed a "Corrected Rule 809.30 Postconviction Motion." In this "corrected motion," Presley argued that he was entitled

---

[3] Presley received sentence credit on the revoked extended supervision sentence.

to the entire 138 days sentence credit on the new charge. The postconviction court disagreed and determined that Presley was entitled to credit only for the time spent in custody between his arrest and the day his extended supervision was revoked on the new charge. Presley appeals.

## II. ANALYSIS.

¶ 3. Presley submits that he is entitled to sentence credit on the new sentence for the time he was incarcerated from the day his extended supervision was revoked until the day he was sentenced on both the new charge and on the revoked extended supervision. He claims that by analogy, the holding in *State v. Beets*, 124 Wis. 2d 372, 369 N.W.2d 382 (1985), supports his position. He also submits that WIS. STAT. § 973.155(1)(b) requires the sentence credit to be given to each of his sentences, and that WIS. STAT. § 304.072(4) suggests that this is the proper interpretation. Further, he argues that giving him sentence credit in this fashion is in keeping with the legislative intent. We agree.

¶ 4. We will independently review the application of the sentence credit statute to an undisputed set of facts. *State v. Abbott*, 207 Wis. 2d 624, 628, 558 N.W.2d 927 (Ct. App. 1996).

¶ 5. WISCONSIN STAT. § 973.155 controls when an offender is entitled to sentence credit.[4] It reads:

---

[4] WISCONSIN STAT. § 973.155 was amended in 2005 and now includes subsection (1m), which concerns sentence credit as it relates to substance abuse treatment. We do not quote subsection (1m) in the text because we reference the 2003–04 version of the Wisconsin Statutes. Section 973.155(1m) provides:

**Sentence credit. (1)** (a) A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. As used in this subsection, "actual days spent in custody" includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:

1. While the offender is awaiting trial;

2. While the offender is being tried; and

3. While the offender is awaiting imposition of sentence after trial.

(b) The categories in par. (a) include custody of the convicted offender which is in whole or in part the result of a probation, extended supervision or parole hold under s. 302.113 (8m), 302.114 (8m), 304.06 (3), or 973.10 (2) placed upon the person for the same course of conduct as that resulting in the new conviction.

**(2)** After the imposition of sentence, the court shall make and enter a specific finding of the number of days for which sentence credit is to be granted, which finding shall be included in the judgment of conviction. In the case of revocation of probation, extended supervision or parole, the department, if the hearing is waived, or the division of hearings and appeals in the department of administration, in the case of a hearing, shall make such a finding, which shall be included in the revocation order. **(3)** The credit provided in sub. (1)

A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody as part of a substance abuse treatment program that meets the requirements of s. 16.964 (12) (c), as determined by the office of justice assistance under s. 16.964 (12) (i) for any offense arising out of the course of conduct that led to the person's placement in that program.

shall be computed as if the convicted offender had served such time in the institution to which he or she has been sentenced.

**(4)** The credit provided in sub. (1) shall include earned good time for those inmates subject to s. 302.43, 303.07 (3) or 303.19 (3) serving sentences of one year or less and confined in a county jail, house of correction or county reforestation camp.

**(5)** If this section has not been applied at sentencing to any person who is in custody or to any person who is on probation, extended supervision or parole, the person may petition the department to be given credit under this section. Upon proper verification of the facts alleged in the petition, this section shall be applied retroactively to the person. If the department is unable to determine whether credit should be given, or otherwise refuses to award retroactive credit, the person may petition the sentencing court for relief. This subsection applies to any person, regardless of the date he or she was sentenced.

**(6)** A defendant aggrieved by a determination by a court under this section may appeal in accordance with s. 809.30.

██

¶ 6. To be entitled to sentence credit under WIS. STAT. § 973.155, a defendant must have been "in custody," and the period in custody must have been "in connection with the course of conduct for which the sentence was imposed." *State ex rel. Thorson v. Schwarz*, 2004 WI 96, ¶ 15, 274 Wis. 2d 1, 681 N.W.2d 914 (citing. § 973.155(1)(a)).

¶ 7. The major dispute between the parties is the application of the holding of *Beets* to the facts in this case. In *Beets*, the offender was on probation for two earlier drug offenses when he was arrested for burglary.

124 Wis. 2d at 373–74. His probation was ultimately revoked about two months after his arrest for the burglary, and approximately one month after that he was sentenced on the earlier drug charges to serve two concurrent, three-year terms. *Id.* at 374–75. As a result, he was confined in the state prison. He did not return to the Milwaukee circuit court until approximately seven months later, at which time he pled guilty to the burglary charge and was sentenced to a three-year term that was to run concurrently with his earlier two sentences. *Id.* at 375. On the new charge, he was granted a sentence credit for the time between his arrest for the new charge of burglary and the date of his sentencing on the old charges, following the revocation of his probation. *Id.* He brought a postconviction motion seeking sentence credit for the days between when he began serving his sentences on the earlier charges and the date he was sentenced on the burglary charge. *Id.* The trial court denied his motion and he appealed. *Id.* at 376.

¶ 8. The supreme court took jurisdiction of *Beets*. The supreme court examined the underlying facts and discussed the interplay between the sentence credit statute and the facts and opined that: "The meaning of the statute is clear. It is simply that credit is to be given on the eventual sentence for all periods of custody: From arrest to trial, the trial itself, and from the date of conviction to sentence." *Id.* at 377. Ultimately, the supreme court determined that Beets was not entitled to sentence credit for the time he spent in prison serving his earlier sentences. The supreme court in *Beets*, addressing the wording in WIS. STAT. § 973.155(1)(a), "arising out of the same course of conduct," posed the question, "Is the confinement on the drug charges 'in connection with the course of

conduct for which sentence was ... imposed?,'" and decided that the statutory language found in § 973.155 required the answer to be "no." *Beets*, 124 Wis. 2d at 378. The supreme court reasoned that no credit could be given because the time spent in prison was not part of the course of conduct. *Id.* at 378–82. Thus, according to the supreme court, once Beets was sentenced in the earlier case, the connection between the charges ended:

> The period of time at issue is from Beets' sentence on the drug convictions to the time he was sentenced on the burglary charge. The court of appeals correctly disposed of the claim for credit for this period by simply holding that any connection which might have existed between custody for the drug offenses and the burglary was severed when the custody resulting from the probation hold was converted into a revocation and sentence.

*Id.* at 379.

¶ 9. According to the supreme court, the lynchpin to the uncoupling of the connection between the new and old charges was the act of sentencing, not the revocation determination. *Id.*

¶ 10. Presley submits that *Beets* requires sentence credit until the day he was sentenced for the extended supervision revocation—the same day he was sentenced on the new charge—because like the offender in *Beets*, whose probation was revoked, he did not begin serving a sentence for the earlier crimes until the trial court sentenced him. The State insists that because of the passage of the truth-in-sentencing act, applying the *Beets* holding entitles Presley to credit on the new charge only for the time between the date of his arrest and the date of his extended supervision revocation because, once the extended supervision was revoked, he

was serving a sentence, although its exact length was unknown. More precisely, the State argues in its brief: "In this case, Presley was sentenced in 2002, and served his term of initial confinement. He was serving his extended supervision, when he was arrested. When his extended supervision was subsequently revoked, Presley had been revoked and sentenced."[5] The State attempts to circumvent the *Beets* holding by claiming that the reconfinement hearing was not a sentencing. However, whether a reconfinement hearing constitutes a "sentencing" was resolved in *State v. Swiams*, 2004 WI App 217, 277 Wis. 2d 400, 690 N.W.2d 452. While *Swiams* addressed a different issue not touching on sentence credit, the case established that a reconfinement hearing is a form of sentencing. In *Swiams*, after examining the history of the truth-in-sentencing law and discovering that the term "sentencing" was purposefully avoided for fear of double jeopardy concerns, this court observed that sentencing encompasses a reconfinement hearing:

> In light of the need for meaningful assessment of decisions that deprive persons of their liberty, [*State v.*] *Gallion*, 2004 WI 42, ¶¶ 19, 76, 270 Wis. 2d [535,] 549–550, 572, 678 N.W.2d [197,] 203, 214, we perceive no reason why a "sentencing" under WIS. STAT. RULE

---

[5] We note that in the briefs filed in *State v. Odom*, 2005AP1840-CR, the State takes a different approach and concedes that Odom is entitled to sentence credit in an almost identical fact situation. Odom had his extended supervision in an earlier case revoked after a new charge was filed. In *Odom*, the State argues that when an offender is sentenced on the same day to concurrent sentences (as occurred here), he is entitled to dual credit, citing *State v. Howard*, 2001 WI App 137, 246 Wis. 2d 475, 630 N.W.2d 244, *State v. Ward*, 153 Wis. 2d 743, 452 N.W.2d 158 (Ct. App. 1989), and WIS JI—CRIMINAL SM 34–A.

809.30 should not encompass reconfinement under Wis. Stat. § 302.113(9)(am) (2001–02).

*Swiams*, 277 Wis. 2d 400, ¶ 23. Thus, a reconfinement hearing is a "sentencing," and under *Beets*, it, not the revocation, severs the connection between the charges.

¶ 11. Further, we observe that Wis. Stat. § 973.155 does not distinguish between the three classes of revocations: parole, probation and extended supervision, and they are lumped together for identical treatment. *See, e.g.,* § 973.155(1)(b) and (2). Thus, we are compelled to conclude that the legislature intended there to be consistent application of the sentence credit statute for all. Had the legislature wished, it could have amended § 973.155 to require sentence credit in extended supervision revocation cases to be treated differently, but it did not do so.

¶ 12. We also believe that this interpretation is consistent with and advances the underlying purpose of Wis. Stat. § 973.155—fairness. In *State v. Floyd*, 2000 WI 14, 232 Wis. 2d 767, 606 N.W.2d 155, the supreme court commented that: "The court further recognized the remedial purpose underlying the conscious effort to provide sentence credit in a wide range of situations, observing that the statute was 'designed to afford fairness' and ensure 'that a person did not serve more time than he is sentenced.' " *Id.,* ¶ 23 (citing *Beets*, 124 Wis. 2d at 379).

¶ 13. Moreover, while we acknowledge that an extended supervision reconfinement hearing is a different species of sentencing than occurs at either a probation or parole revocation sentencing hearing, we can see no meaningful reason to treat an extended supervision revocation differently when determining sentence

credit. We are satisfied that this interpretation results in a clearer, more logical and more easily applied rule than that proposed by the State. Thus, an offender who has had his or her extended supervision revoked is entitled to sentence credit on any new charges until the trial court "resentences" him or her from the available remaining term of extended supervision.

¶ 14. We also find support for our reasoning in Wis. Stat. § 304.072(4) and (5). These provisions state that:

(4) The sentence of a revoked parolee or person on extended supervision resumes running on the day he or she is received at a correctional institution subject to sentence credit for the period of custody in a jail, correctional institution or any other detention facility pending revocation according to the terms of s. 973.155.

(5) The sentence of a revoked probationer shall be credited with the period of custody in a jail, correctional institution or any other detention facility pending revocation and commencement of sentence according to the terms of s. 973.155.

If the State's position were to be adopted—that Presley was serving a sentence once the extended supervision was revoked—it would appear to conflict with § 304.072(4), which unambiguously states that the sentence begins once the offender is transported and received at a correctional institution, not when the revocation occurs.

¶ 15. Thus, Presley is entitled to sentence credit on the new charge from the date of his arrest until the day of sentencing on both charges because while his extended supervision was revoked, his "resentencing" had not yet occurred. This interpretation is also consis-

tent with case law explaining the meaning of concurrent time. *See, e.g., State v. Tuescher*, 226 Wis. 2d 465, 469, 595 N.W.2d 443 (Ct. App. 1999) ("If the sentences are concurrent, time spent in pre-sentence custody is credited toward each sentence[,]" "[b]ut if the sentences are consecutive, time in pre-sentence custody is credited toward only one sentence." (citation omitted)). Here, it was the intent of the trial court to sentence Presley to concurrent time; therefore, he is entitled to sentence credit on both sentences. Accordingly, we reverse and remand for a recalculation of Presley's sentence credit.

*By the Court.*—Judgment and order reversed and cause remanded.

¶ 16. FINE, J. (*concurring*). I join in the Majority opinion except as it may be perceived by some to read more into *State v. Swiams*, 2004 WI App 217, 277 Wis. 2d 400, 690 N.W.2d 452, than is there.

¶ 17. In *Swiams*, we held that for the purposes of the scope of appellate review of an order of confinement following revocation of extended supervision, *see* WIS. STAT. § 302.113(9)(am) ("If the extended supervision of the person is revoked, the person shall be returned to the circuit court for the county in which the person was convicted of the offense for which he or she was on extended supervision, and the court shall order the person to be returned to prison for any specified period of time that does not exceed the time remaining on the bifurcated sentence."), appellate review may be triggered by compliance with WIS. STAT. RULE 809.30(2)(b), which requires a defendant to file "a notice of intent to pursue postconviction . . . relief" "[w]ithin 20 days after the date of sentencing." *Swiams*, 2004 WI App 217, ¶¶ 6–23, 277 Wis. 2d at 405–420, 690 N.W.2d at 454–462. We did not hold, and I do not read the Majority

opinion to say that we did, that a post-revocation confinement order is a "sentencing" for all purposes. Indeed, we pointed out that "sentencing" in Wisconsin is a coat of many colors. *Id.*, 2004 WI App 217, ¶ 16, 277 Wis. 2d at 413–414, 690 N.W.2d at 459. Our holding in *Swiams* is: "In light of the need for meaningful assessment of decisions that deprive persons of their liberty, we perceive no reason why a 'sentencing' under Wis. Stat. Rule 809.30 should not encompass reconfinement under Wis. Stat. § 302.113(9)(am)." *Swiams*, 2004 WI App 217, ¶ 23, 277 Wis. 2d at 419, 690 N.W.2d at 461 (citation and statute date-modifier omitted). That is the Alpha and Omega of *Swiams*.