STATE of Wisconsin, Plaintiff-Respondent,

v.

Larry DAVIS, Defendant-Appellant.

Court of Appeals

*No. 2016AP1416–CR. Submitted on briefs May 24, 2017.
—Decided July 12, 2017.*

2017 WI App 55

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michelle L. Velasquez* of *Civitas Law Group, Inc.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jennifer R. McNamee*, assistant attorney general, and *Brad D. Schimel*, attorney general.

Before Neubauer, C.J., Gundrum and Hagedorn, JJ.

¶ 1. GUNDRUM, J. Larry Davis appeals from his judgment of conviction and the denial of his post-conviction motion.[1] He contends the circuit court erred in denying his request for an additional twenty-three days of sentence credit and in ordering him to maintain "absolute sobriety" as a condition of extended supervision. We agree Davis is entitled to the sentence credit he seeks and reverse on that issue, but we conclude the court did not err in ordering absolute sobriety and affirm on that issue.

### Background

¶ 2. On April 21, 2015, while on extended supervision related to a 2011 felony conviction, Davis made violent contact with the victim in this case, with whom he was ordered not to have contact as a condition of his extended supervision. Davis was arrested on that same date and charged with four criminal counts, and he remained in custody at all times relevant to this appeal. Davis' extended supervision was revoked on July 8, 2015, at least in part due to his conduct related

---

[1] The Honorable Dennis Flynn entered judgment and sentenced Davis, and the Honorable Janet C. Protasiewicz denied the postconviction motion.

to this case, and on July 31, 2015, he was received at Dodge Correctional Institution in order to serve his revocation sentence.

¶ 3. Davis pled to two of the four counts in this case with the other two counts being dismissed and read in. On August 26, 2015, the circuit court sentenced Davis to three years of initial confinement and three years of extended supervision on count one and nine months of jail on count two. The court ordered that the sentences be served concurrently to each other and to any other sentences being served. The court granted Davis 101 days of sentence credit on count one, but no credit on count two. Among other conditions of extended supervision, the court ordered that Davis maintain "absolute sobriety."

¶ 4. After receiving a letter from the department of corrections with regard to sentence credit, the circuit court amended the judgment of conviction so as to order that Davis receive an equal amount of sentence credit on count two as on count one. In the same order, the court also reduced the amount of credit on the two counts from 101 to 78 days because Davis was in custody for seventy-eight days between the time of his arrest and the time his extended supervision was revoked on July 8, 2015. The court reasoned that the date of revocation was the date on which Davis was reconfined on his 2011 case.

¶ 5. Davis moved for postconviction relief, arguing inter alia that the circuit court erred in reducing his sentence credit and in ordering him to maintain absolute sobriety as a condition of extended supervision. The postconviction court denied his motion with regard to these two issues, and Davis appeals.

## Discussion

*Sentence Credit*

¶ 6. Davis and the State agree that the circuit court erred in denying Davis the additional twenty-three days of sentence credit he seeks. We also agree.

¶ 7. WISCONSIN STAT. § 973.155(1)(a) (2015–16)[2] provides: "A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which the sentence was imposed." Whether a defendant is entitled to sentence credit pursuant to this statute is a question of law we review independently of the circuit court. *State v. Johnson*, 2007 WI 107, ¶ 27, 304 Wis. 2d 318, 735 N.W.2d 505.

¶ 8. The parties agree Davis was in custody following his April 21, 2015 arrest and that the custody initially was "in connection with the course of conduct for which" sentence was imposed on August 26, 2015. The parties and the circuit court agree that Davis' presentence custody was at some point severed from its "connection" to Davis' crimes in this case. The circuit court believed the connection was severed when Davis' extended supervision was ordered revoked on July 8, 2015, while Davis and the State believe the connection was severed when Davis was received at Dodge Correctional twenty-three days later, on July 31, 2015. The State and Davis are correct.

¶ 9. The State indicates that in light of statutory changes and case law, it has adopted the following approach:

---

[2] All references to the Wisconsin Statutes are to the 2015–16 version unless otherwise noted.

> [W]hen an offender is revoked from supervision for committing a new crime and there is no reconfinement hearing on the revocation, and the offender is sentenced to concurrent terms on both the revocation sentence and the sentence for the new crime, the offender is entitled to sentence credit for custody served from the date of arrest to either the date of sentencing on the new crime or the date of transfer to prison, whichever occurs first.

The State correctly points out that this position is consistent with WIS. STAT. § 304.072(4) and our decision in *State v. Presley*, 2006 WI App 82, 292 Wis. 2d 734, 715 N.W.2d 713.

¶ 10. WISCONSIN STAT. § 304.072(4) provides:

> The sentence of a revoked parolee or person on extended supervision resumes running on the day he or she is received at a correctional institution subject to sentence credit for the period of custody in a jail, correctional institution or any other detention facility pending revocation according to the terms of [WIS. STAT. §] 973.155.

In *Presley*, the State took the position "that Presley was serving a sentence once the extended supervision was revoked." *Presley*, 292 Wis. 2d 734, ¶ 14. Rejecting this position, we pointed out that § 304.072(4) "unambiguously states that the sentence begins once the offender is transported and received at a correctional institution, not when the revocation occurs." *Presley*, 292 Wis. 2d 734, ¶ 14. Considering *Presley* and § 304.072(4), we hold that Davis' sentence on his earlier conviction resumed when he was received at Dodge Correctional on July 31, 2015. With his reception at the institution, his custody was no longer "in connection with" the course of conduct for which he

was sentenced in this case; rather, his custody was then solely "in connection with" his earlier conviction. This July 31, 2015 resuming of his sentence in the earlier case then, not the July 8, 2015 revocation decision, severed the connection between the two cases. Thus, Davis is entitled to sentence credit from the time he was arrested until July 31, 2015; therefore, he is entitled to the additional twenty-three days of credit he requests.

*"Absolute Sobriety" Restriction*

¶ 11. The circuit court imposed an "absolute sobriety" restriction as a condition of extended supervision. Davis contends this condition is "not reasonably related to a demonstrated rehabilitative need or community interest." We disagree.

¶ 12. As we have stated:

> Sentencing courts have wide discretion and may impose any conditions of probation or supervision that appear to be reasonable and appropriate. We review such conditions under the erroneous exercise of discretion standard to determine their validity and reasonableness measured by how well they serve their objectives: rehabilitation and protection of the state and community interest.

*State v. Stewart*, 2006 WI App 67, ¶ 11, 291 Wis. 2d 480, 713 N.W.2d 165 (citations omitted).

¶ 13. Davis claims the circuit court erred in ordering him to maintain absolute sobriety while on extended supervision because the court "had no indication that Mr. Davis abuses alcohol." Davis is incorrect. At sentencing, the prosecutor told the court that a

"domestic violence supplemental report documented by the police officers who investigated this [matter] does indicate a prior history of violence; and it also indicates multiple risk factors, including the fact that ... the suspect abuses alcohol and/or drugs." Davis acknowledges this statement by the prosecutor, but states "such information can hardly be characterized as informative or specific. There is no information where the investigating officer got this information, or whether that information is new, old or merely suspected." Davis further points out that his counsel told the court at sentencing that he "had clean drug screens" while on supervision and indicated that the "substance abuse program" would not be appropriate because counsel neither believed nor was aware of Davis having a substance abuse problem.[3]

¶ 14. In denying Davis' postconviction motion to remove the absolute sobriety condition, the circuit court stated: "It is no secret that alcohol consumption may impair judgment and is often linked to violent or aggressive behavior, which can lead to victimization." We agree. The court further concluded "that it is in the best interest of [Davis] and the community that he maintain absolute sobriety during the period of extended supervision." We find no flaw in this conclusion either.

_____

[3] Davis further notes briefly that the court did not order an alcohol or other drug abuse assessment or treatment as a condition of extended supervision, although he does not explain why this is significant. While the court did not order an AODA assessment or treatment directly, it did allow for Davis' extended supervision agent to determine the necessity of an AODA assessment and "take such steps as are necessary for any form of counselling that he or she feels are appropriate."

¶ 15. The State detailed for the sentencing court Davis' noteworthy history of violence and acts of domestic abuse and informed the court that the "domestic violence supplemental report documented by the police officers who investigated this" indicated "a prior history of violence" and "multiple risk factors," including that Davis "abuses alcohol and/or drugs."[4] Thus, the sentencing court had before it information indicating Davis has a history of substance abuse. While the State did not provide specifics as to the reasons behind the investigating police officers' determination that Davis has such a history, the sentencing court was entitled to err on the side of caution—for the sake of Davis and the community—and rely upon the officers' representation, via the State, over the representation of Davis' counsel that Davis did not have a substance abuse problem because he had some "clean drug screens" while on supervision and because counsel personally was not aware of Davis having a substance abuse problem.

¶ 16. The postconviction court correctly noted what is common knowledge—that alcohol consumption "may impair judgment" and is "often linked to violent or aggressive behavior"—which behavior the record demonstrated is a significant problem for Davis. It was not a stretch for the court to conclude that Davis and the community will be better served by the absolute sobriety requirement.[5] The requirement is reasonable and appropriate.

---

[4] Davis himself made no retort at sentencing to this representation by the State.

[5] Davis also briefly states that the sentencing court "had no indication . . . that alcohol was related to the offense in this case." We note that the law is clear that a condition of supervision need not be related to wrongful actions by a

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded.

defendant in the particular case before the court. *See State v. Miller*, 2005 WI App 114, ¶¶ 14–15, 283 Wis. 2d 465, 701 N.W.2d 47.