**Marshall CAIFANO, a/k/a John Marshall, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 71–1908.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 1, 1972.

Decided Dec. 19, 1972.

Melvin B. Lewis, Richard B. Caifano, Chicago, Ill., for plaintiff-appellant.

James R. Thompson, U. S. Atty., Chicago, Ill., for defendant-appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and PELL, Circuit Judge.

PER CURIAM.

This is an appeal from the denial of a § 2255 petition seeking credit for time served.

Caifano on October 12, 1966, commenced service of a ten year sentence imposed by a United States district court in California. On June 27, 1967, in the United States District Court for the Northern District of Illinois, he pleaded guilty to all counts of a seven-count indictment alleging violations of 18 U.S.C. §§ 1343, 2314 and 371. He received a general sentence of twelve years to run concurrently with the ten year sentence.

On appeal, this court affirmed the conviction but remanded the cause to the district court for resentencing inasmuch as the maximum penalty Caifano could have received on any count was ten years. John Marshall v. United States, 431 F.2d 355 (7th Cir. 1970).

On remand, the district court resentenced defendant to imprisonment for

two years on each of five counts (dismissing two counts), the sentences to run concurrently with each other but consecutively to the ten year California sentence.

There is no question on the record that the intention of the district court was that Caifano should serve two years after completing the California sentence. The district court expressly so stated.

■ Unfortunately, however, for the implementation of the district court's intention, the resentencing judgment order fails to reflect any reference to credit for time served on the sentence originally imposed in Illinois. However, since Caifano had been sentenced in Illinois to serve a sentence concurrently with the prior one, even though he would have been in an incarcerated state if he had been serving only the prior sentence, he nevertheless was acquiring a credit balance on both. 18 U.S.C. § 3568.

Caifano's petition for sentence credit was summarily denied on the following basis stated by the court:

"This court had discretion when it vacated its prior sentence to take into consideration the time served by petitioner, and in light of this fact sentenced petitioner to a consecutive sentence."

■ The existence of the discretionary power is not denied; however, the plain fact is that the outer limit of the sentence imposed was two years with no showing that this was to be two years beyond time already served in connection with the conviction giving rise to the imposition. We can only conclude therefore, notwithstanding the expressed intention, that Caifano is entitled to credit against the total two year sentence for all time heretofore served. That time, it appears, is in excess of the two years and therefore no further time of service of sentence would be required.

The Government contends, citing Bozza v. United States, 330 U.S. 160, 166–167, 67 S.Ct. 645, 91 L.Ed. 818 (1947), that sentencing is not a game in which a wrong move by the judge means immunity for the prisoner. We agree in principle but we likewise do not conceive of sentencing as being a semantical exercise wherein we bend the plain meaning of words to accomplish that which was not expressed. That the intention might have been accomplished by the imposition of a different sentence is immaterial. We are dealing with the one actually imposed.

Subsequent to oral argument on this appeal, Caifano filed a motion for release upon recognizance, with or without surety, asserting that he was eligible for release under the term imposed in California on November 24, 1972. Since we have no independent verification of the asserted facts, we will deny the motion for release, but instead we reverse the order of the district court denying the § 2255 petition and remand for further proceedings consistent with this opinion, including the crediting on the two year sentences of time served pursuant to the original Illinois sentence.

Inasmuch as it appears probable that Caifano has completed his service under both sentences here involved, the mandate shall issue forthwith and further proceedings in the district court shall be expedited.