STATE of Wisconsin, Plaintiff-Respondent,

v.

Houston WARD, Defendant-Appellant.

Court of Appeals

*No. 89-0951-CR. Submitted on briefs November 7, 1989.—Decided December 20, 1989.*

(Also reported in 452 N.W.2d 158.)

For the plaintiff-respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Michael R. Klos,* assistant attorney general.

For the defendant-appellant the cause was submitted on the briefs of *Kasdorf, Lewis & Swietlik, S.C.,* with *Michael J. Hicks* of counsel, of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J.   Following the revocation of his probation, Houston Ward was sentenced to indeterminate terms of three years incarceration on each of three convictions for delivery of marijuana. The trial court directed that each sentence be concurrent with the others and with a three-year sentence imposed by a different judge in an unrelated case. *See* sec. 973.15(2), Stats.[1] The trial court granted Ward 233 days of credit as the result of Ward's pre-sentence incarceration, but applied the credit only to the first of the three concurrent sentences. Ward argues that he is entitled to have the credit applied to each of the concurrent terms, and appeals from the trial court's order denying his motion for modification of sentence. The state concedes error. We agree, and reverse.

Section 973.155(1), Stats., provides:

> **Sentence credit.** (1)(a) A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. As used in this subsection, "actual days spent in custody" includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any

---

[1]Section 973.15(2), Stats., provides:

The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent with or consecutive to any other sentence imposed at the same time or previously.

other sentence arising out of the same course of conduct, which occurs:

1.  While the offender is awaiting trial;
2.  While the offender is being tried; and
3.  While the offender is awaiting imposition of sentence after trial.

(b)   The categories in par. (a) include custody of the convicted offender which is in whole or in part the result of a probation or parole hold under s. 57.06 (3) or 973.10 (2) placed upon the person for the same course of conduct as that resulting in the new conviction.

The provisions of sec. 973.155(1) are mandatory; a sentencing court must give credit to a defendant for pre-sentence incarceration because "a person [may] not serve more time than that for which he is sentenced." *State v. Beets,* 124 Wis. 2d 372, 379, 369 N.W.2d 382, 385 (1985). Here, Ward was sentenced to an indeterminate period of incarceration not to exceed three years for all of his crimes. Applying pre-sentence credit against only one of the concurrent three-year terms defeats the concurrent nature of the sentence because the first term is reduced to two years and 132 days, while the remaining two terms stand at three full years.[2] Thus, implementation of the concurrent sentences imposed by the trial court requires that the 233-day credit be applied against each of the concurrent three-year terms. *See Caifano v. United States,* 471 F.2d 763, 764 (7th Cir. 1972) (interpreting former section 18 U.S.C. sec. 3568).[3]

---

[2]All the terms would be subject to the statutory provisions relating to parole. *See* secs. 53.11 and 57.06, Stats.

[3]18 U.S.C. sec. 3568 (codifying Pub. L. 89–465, sec. 4, 80 Stat. 217 [1966]) was similar to sec. 973.155(1), Stats. It required sentence credit "for any days spent in custody in connection with

Our result is consistent with the conclusion of the Wisconsin Criminal Jury Instructions Committee:

> An offender is entitled to have his or her total sentence credited with one day for each day spent in custody.
>
> . . ..
>
> When concurrent sentences are imposed at the same time or for offenses arising from the same course of conduct, sentence credit is to be determined as a total number of days and is to be credited against each sentence imposed. Credit against each sentence is required because credit against only one sentence would be negated by the concurrent sentence. Thus, if the credit was not awarded against both sentences, the offender would not receive the credit to which he is entitled.

Wis J I—Criminal SM-34A, at 11-12. It is also consistent with *State v. Boettcher,* 144 Wis. 2d 86, 423 N.W.2d 533 (1988), which held that credit for pre-sentence incarceration should not be applied to each term if the terms are ordered to run consecutive to one another, because that would award a prisoner a multiple-credit boon to which he or she was not entitled, *id.,* 144 Wis. 2d at 100-101, 423 N.W.2d at 539, but which noted, in dictum, that credit against each sentence would be "appropriate" in a situation such as "when a new sentence is imposed to run concurrently with a revoked

the offense or acts for which sentence was imposed." A comparable provision is now found at 18 U.S.C. sec. 3585(b) (1988).

Decisions of federal courts interpreting federal statutes similar to provisions of a Wisconsin statute are useful in interpreting the Wisconsin statute. *State v. Boettcher,* 144 Wis. 2d 86, 92, 423 N.W.2d 533, 536 (1988).

probation." *Id.*, 144 Wis. 2d at 99–100 & n. 4, 423 N.W.2d at 539 & n. 4.

The trial court's order denying Ward 233 days of credit for each of the concurrent terms is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*By the Court.*—Order reversed, and cause remanded.