STATE of Wisconsin, Plaintiff-Respondent,

v.

Antuan MCCLINTON, Defendant-Appellant.

Court of Appeals

*No. 94–0747–CR. Submitted on briefs October 6, 1994.—Decided June 15, 1995.*

(Also reported in 536 N.W.2d 413.)

For the defendant-appellant the cause was submitted on the brief of *Patrick Donnelly*, assistant public defender, Madison.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Paul Lundsten*, assistant attorney general.

Before Dykman, Sundby, and Vergeront, JJ.

SUNDBY, J. Defendant-appellant Antuan McClinton was convicted of possession of a controlled substance with intent to deliver, party to a crime, contrary to §§ 161.41(1m)(cm)1 and 939.05, STATS., 1991-92. He was subject to a mandatory minimum one-year prison term. The trial court sentenced him to a seven-year prison term, stayed the sentence, and placed him on probation for ten years, subject to the condition that he serve twelve months in the Rock County Jail.

McClinton filed a postconviction motion asking that the court order the sheriff to grant him good-time credit under §§ 973.09(1)(d) and 302.43, STATS. The trial court denied his motion. The court noted that both statutes provide that a person subject to either statute

"is eligible to earn good time [credit]." The court felt that mere eligibility did not make good-time credit mandatory, but permitted the court to exercise its discretion under § 973.09(1)(a) to "impose any conditions which appear to be reasonable and appropriate," including the condition that the jail-term probationer not earn good-time credit.

The trial court also relied on *Prue v. State*, 63 Wis. 2d 109, 216 N.W.2d 43 (1974), where the court said that a trial court could grant good time as a condition of probation "if it desired." *Id.* at 114, 216 N.W.2d at 45. The trial court stated that if it construed § 302.43, STATS., to be mandatory, the statute would not carry out the intent of the legislature to give trial courts discretion to impose reasonable conditions upon probation eligibility.

The State confesses error. It acknowledges that *Prue* holds that § 302.43, STATS., does not authorize good-time credit for a person serving jail time as a condition of probation. *See Prue*, 63 Wis. 2d at 112, 216 N.W.2d at 44. However, the State argues that that statute applies only to persons "sentenced" to jail and not to persons serving jail time as a condition of probation because probation is not a "sentence." *See id.* at 114-15, 216 N.W.2d at 45-46.

■■

The State argues that there is a statutory exception to this general rule: § 973.09(1)(d), STATS., makes a narrow class of jail-termers eligible to earn good-time credit—those confined under § 973.09(4) for a mandatory or presumptive minimum period of imprisonment of one year or less. Recognizing that §§ 973.09(1)(d) and 302.43, STATS., are ambiguous, the State examines their legislative history. In construing a statute, the goal is to give effect to the intent of the

legislature. *State v. Schambow*, 176 Wis. 2d 286, 297, 500 N.W.2d 362, 366 (Ct. App. 1993).

In 1990, the legislature created a number of offenses, principally drug crimes, which carry minimum mandatory sentences. In the same session, the legislature created § 973.09(1)(d), STATS.,[1] which provides probation jail-termers a rough *quid pro quo*: a defendant who the court confines to jail to serve a minimum mandatory sentence as a condition of probation may earn good time for good behavior. The State argues that the requirement that a person sentenced to a minimum mandatory term be eligible to earn good time was intended to prevent the trial court or the sheriff from removing that eligibility.

The attorney general has adopted that reasoning. In 74 Op. Att'y Gen. 96, 100 (1985), the attorney general opined that there is no statute authorizing a sentencing court to deny a jail-termer good-time eligibility. The State concludes that the legislature did not intend to allow sentencing judges to deny sheriffs a tool to prompt good behavior in jails. We agree that the State's reading of the statutes is the reading most in keeping with the intention of the legislature.

*By the Court.*—Order reversed.

---

[1] Section 973.09(1)(d), STATS., was created by 1989 Wis. Act 121, § 119.