STATE of Wisconsin, Plaintiff-Respondent,

v.

Martin V. YANICK, Jr., Defendant-Appellant.

Court of Appeals

*No. 2006AP849–CR. Submitted on briefs December 12, 2006.*
*—Decided January 25, 2007.*

2007 WI App 30

(Also reported in 728 N.W.2d 365.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Martin V. Yanick, Jr.*, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Maura FJ Whelan*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Lundsten, P.J., Dykman and Vergeront, JJ.

¶ 1. LUNDSTEN, P.J. Martin Yanick is now serving an imposed and stayed prison sentence following revocation of his probation. He seeks sentence credit against this sentence for time he alleges he spent serving jail time as a condition of probation. A dispute over this conditional jail time arises because it overlaps with time Yanick spent serving an unrelated prison sentence. The circuit court denied sentence credit for this overlapping

time. We reverse. We conclude that, when a defendant has served conditional jail time and his or her probation is later revoked and the defendant commences serving an imposed and stayed sentence, the defendant is entitled to sentence credit for days spent in custody while in conditional jail time status, even if that custody is concurrent with service of an unrelated prison sentence.

## *Background*

¶ 2. Yanick was convicted of operating a motor vehicle while intoxicated (OWI), fifth offense. After serving probation on that crime and being revoked, Yanick commenced serving an imposed and stayed sentence. He seeks sentence credit against this revocation sentence for time he contends he spent serving jail time as a condition of his OWI probation. The relevant facts for purposes of the sentence credit question before us are as follows:

- On May 31, 2000, Yanick received a five-year prison sentence on his OWI-5th offense conviction. The court stayed that sentence and ordered that Yanick serve five years of probation, with one condition being that Yanick serve six months in jail ("conditional jail time"). Probation was imposed to run consecutive to a previously imposed jail sentence.

- On July 21, 2001, Yanick commenced serving his OWI probation and his six months of conditional jail time.

- On August 8, 2001, Yanick was convicted of and sentenced for felony escape. He received a three-year term of initial confinement and commenced serving that prison term.[1]

---

[1] To simplify our discussion, we refer only to Yanick's escape conviction. In fact, Yanick was convicted of both escape and

- On August 13, 2001, Yanick was transferred from jail to prison.

- On July 13, 2004, Yanick was released from prison.

- On April 21, 2005, Yanick was arrested for a new offense.

- On August 5, 2005, Yanick's OWI probation was revoked, and he commenced serving his imposed and stayed five-year prison term.

¶ 3. After Yanick began serving his OWI revocation sentence, he filed a motion requesting sentence credit for six months, covering the time he alleges he spent serving his OWI conditional jail time, including time when his conditional jail time overlapped with service of his escape sentence. The circuit court initially denied credit entirely, stating that Yanick's escape sentence was "not imposed for the same 'course of conduct' as that for which [he] was sentenced in [his OWI case]." In a later order, the circuit court granted 32 days of sentence credit. Pertinent here, that order awarded 23 days of credit covering time from when Yanick began serving his OWI conditional jail time, July 21, 2001, through the day Yanick was transferred to prison under his escape sentence, August 13, 2001. Consequently, the sentence credit at issue on appeal appears to be 157 days.[2]

---

OWI-6th offense. The sentence structure in those cases renders Yanick's OWI-6th offense conviction irrelevant for purposes of the question before us.

[2] Our calculation is as follows. Six months of conditional jail time is 180 days (6 x 30). This 180–day term is reduced by the 23–day credit already awarded by the circuit court. As discussed in the conclusion section of this opinion, on remand the parties remain free to argue that this calculation is in error.

## *Discussion*

¶ 4. Yanick seeks sentence credit against his OWI revocation sentence for time spent serving jail time as a condition of his OWI probation. In Yanick's view, he continued serving his OWI conditional jail time even after he began serving his escape prison sentence. And, according to Yanick, there is no basis for denying him credit for this time period. We agree.

¶ 5. It is undisputed that, if Yanick's escape sentence is taken out of the mix, he would be entitled to sentence credit against his OWI sentence for time spent serving his OWI conditional jail time. The sentence credit statute, WIS. STAT. § 973.155 (2003–04),[3] requires that credit be given for time spent in jail as a condition of probation against a sentence imposed for the crime for which the defendant was on probation serving the jail time. *See State ex rel. Ludtke v. DOC*, 215 Wis. 2d 1, 10–11, 572 N.W.2d 864 (Ct. App. 1997), summarizing the holding in *State v. Gilbert*, 115 Wis. 2d 371, 372–73, 377–80, 340 N.W.2d 511 (1983). The question here is whether Yanick's escape prison sentence requires a different result.

¶ 6. According to the State, Yanick's request for sentence credit against his OWI sentence hinges on the proposition that Yanick in fact continued to serve his OWI conditional jail time after he commenced serving his escape prison sentence. This proposition is incorrect, the State contends, because when Yanick began serving his escape prison sentence, he automatically stopped serving his OWI conditional jail time. In addition, according to the State, regardless whether Yanick continued serving his OWI conditional jail time for

---

[3] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

460

some purposes, awarding Yanick sentence credit is inconsistent with sentence credit case law, most notably *State v. Beets*, 124 Wis. 2d 372, 374–75, 378 & n.5, 369 N.W.2d 382 (1985), and *State v. Ward*, 153 Wis. 2d 743, 452 N.W.2d 158 (Ct. App. 1989).

¶ 7. In the following sections, we reject the State's arguments.

### Whether Conditional Jail Time May Run Concurrent With Service Of A Prison Sentence

¶ 8. The State argues that Yanick is not entitled to sentence credit on his OWI sentence for days in custody after he commenced serving his escape sentence because, after that date, Yanick was no longer serving his OWI conditional jail time. The State acknowledges that Yanick's OWI probationary period continued running, but contends Yanick's conditional jail time stopped by operation of law. The State's reasoning is as follows. Conditional jail time is not a sentence, and a person may be incarcerated in a Wisconsin prison only pursuant to a judgment of conviction sentencing the person to serve a term of confinement in prison. Therefore, according to the State, it is not possible to serve conditional jail time in prison.

¶ 9. We agree with the State's first proposition. Probation is not a sentence and, therefore, jail time served as a condition of probation is not a sentence. *See State v. Hays*, 173 Wis. 2d 439, 444, 496 N.W.2d 645 (Ct. App. 1992).

¶ 10. As to the State's second proposition—that a person may be incarcerated in a Wisconsin prison *only* pursuant to a judgment of conviction sentencing the

person to serve prison time—we will assume it is true for purposes of this decision.[4]

¶ 11. The problem with the State's reasoning is that its two propositions do not lead to the conclusion that conditional jail time may not be served concurrent with prison time. Just because conditional jail time, standing alone, would never be served in prison, that does not mean it may not be served in prison if combined with a prison sentence. The State points to no general or specific prohibition on serving jail time in a prison if that time runs concurrent with a prison sentence.[5]

¶ 12. We also observe that it is in the nature of concurrent time that service of one sentence may render service of another sentence, for some purposes, superfluous. For example, a later imposed concurrent

[4] We will assume the State's second proposition is true for purposes of this decision because the State has not definitively demonstrated that this proposition is correct and we need not resolve the issue to reject the State's argument. We note that the State supports its second proposition with cites to WIS. STAT. §§ 973.013(1) and 973.02. Read in conjunction with other statutes, the cited statutes direct that certain sentences must be served in Wisconsin prisons. It does not, however, necessarily follow that the only avenue to incarceration in a Wisconsin prison is a judgment sentencing a person to prison.

[5] The State might argue that it should be inferred from WIS. STAT. § 973.03(2) that there must be express statutory authority for service of concurrent conditional jail time in prison. Section 973.03(2) provides: "A defendant sentenced to the Wisconsin state prisons and to a county jail or house of correction for separate crimes shall serve all sentences whether concurrent or consecutive in the state prisons." This statute, however, directs *where* concurrent or consecutive jail and prison sentences must be served; it does not specify *when* dispositions may or may not be served concurrently.

sentence may negate any benefit—at least regarding incarceration time—of a successful appeal of the earlier imposed sentence. Thus, it is not remarkable that, because Yanick served three years for the escape conviction, that rendered superfluous service of the remainder of Yanick's six months of conditional jail time.

¶ 13. Indeed, this court has concluded that the imposition of a sentence may create a windfall for a person serving conditional jail time. In *State v. Maron*, 214 Wis. 2d 384, 571 N.W.2d 454 (Ct. App. 1997), this court held that the sentencing statutes do not give courts authority to order that a sentence be served consecutive to jail time already being served as a condition of probation. *Id.* at 386. We did so while acknowledging:

> The State argues convincingly that [defendant's] reading of the statute thwarts the punitive purposes of the trial court's order and is not good policy. We do not dispute that there may be good reasons for permitting a sentence to be made consecutive either to a term of probation or to jail time served as a condition of probation, such as the reasons the trial court articulated here. However, those are policy considerations that must be addressed to the legislature, not this court.

*Id.* at 394. We did, however, go on to explain that courts have some options that may ameliorate a windfall in some circumstances:

> The [sentencing] court might have chosen to stay execution of the sentence ... for sixty days under § 973.15(8)(a)3, STATS., or might have imposed a [longer sentence]. There are likely other options the court might have chosen had it understood [that it could not impose a sentence consecutive to jail time as a condition of probation].

*Id.* at 395–96 (footnote and citations omitted).

¶ 14. In sum, we reject the State's contention that Yanick's conditional jail time automatically ceased running when he began serving his escape prison sentence because the State does not back up that contention with a persuasive analysis, and we can discern none.

*Whether Case Law Precludes Sentence Credit*

¶ 15. The State contends that, under *Ward*, 153 Wis. 2d 743, and commentary in the Criminal Jury Instructions special materials, the rule that a single day of sentence credit must be awarded to all discrete sentences served concurrently applies *only* when those concurrent sentences are based on the same course of conduct or are imposed at the same time. If the State is correct, then Yanick is not entitled to sentence credit because his OWI sentence and his escape sentence neither arose out of the same course of conduct nor were they imposed at the same time. We disagree, however, with the State's reading of *Ward* and the jury instructions special materials.[6]

¶ 16. *Ward* quotes the following language from the jury instructions special materials:

> *"When concurrent sentences are imposed at the same time or for offenses arising from the same course of*

---

[6] The State asserts that it discusses *State v. Ward*, 153 Wis. 2d 743, 452 N.W.2d 158 (Ct. App. 1989), only to show that *Ward* does not support Yanick's request for sentence credit. However, as we explain in the text, if the State's reading of *Ward* is correct, then it necessarily follows that Yanick is not entitled to sentence credit. Accordingly, we address the topic as if the State has placed affirmative reliance on *Ward*.

464

*conduct,* sentence credit is to be determined as a total number of days and is to be credited against each sentence imposed. Credit against each sentence is required because credit against only one sentence would be negated by the concurrent sentence. Thus, if the credit was not awarded against both sentences, the offender would not receive the credit to which he is entitled."

*Ward,* 153 Wis. 2d at 746 (quoting Wis JI—Criminal SM-34A, at 8–9 (emphasis added)).[7] The jury instructions committee's decision to use the phrase "imposed at the same time or for offenses arising from the same course of conduct" is accurate so far as it goes, but it is not an assertion that these are the only conditions under which credit for the same days in custody is required to be awarded against concurrent sentences. Neither the sentence credit statute nor case law interpreting that statute imposes such a requirement.

¶ 17. The requirement the State reads into the special materials language is inconsistent with the reasoning underlying the rule that requires, under some circumstances, that a single day in custody be awarded as sentence credit against multiple concurrent sentences. In *Ward,* we explained why denying sentence credit against all three of Ward's concurrent three-year sentences defeated the purpose of awarding sentence credit:

Applying pre-sentence credit against only one of the concurrent three-year terms defeats the concurrent nature of the sentence because the first [three-year]

---

[7] The "same course of conduct" alternative in the jury instructions committee's commentary is based on language in the sentence credit statute, Wis. Stat. § 973.155. We construed this language in *State v. Tuescher,* 226 Wis. 2d 465, 475, 479, 595 N.W.2d 443 (Ct. App. 1999).

term is reduced to two years and 132 days, while the remaining two terms stand at three full years. Thus, implementation of the concurrent sentences imposed by the trial court requires that the 233–day credit be applied against each of the concurrent three-year terms.

*Ward*, 153 Wis. 2d at 745 (footnote omitted). The problem with denying multiple credit described in *Ward* was not affected by whether the concurrent sentences were imposed at the same time or imposed for offenses arising from the same course of conduct. For example, if sentencing on Ward's first crime had proceeded in the same manner with an award of 233 days of credit, but sentencing in his other two cases had been delayed a day, denying credit against the other concurrent sentences would have negated the award against the first sentence just as surely as if the sentences had all been imposed at the same time.

¶ 18. Although we do not find authority directly refuting the State's proffered reading of *Ward* here,[8] that may be because the State does not normally read *Ward* so narrowly. We observe that in at least two sentence credit cases where a circuit court awarded sentence credit for the same days in custody against sentences imposed at different times for conduct that did not arise out of the "same course of conduct," the State did not challenge the award. *See Beets*, 124 Wis. 2d at 374–75, 378 n.5; *State v. Tuescher*, 226 Wis. 2d 465, 467–68, 479, 595 N.W.2d 443 (Ct. App. 1999). Moreover, in *State v. Boettcher*, 144 Wis. 2d 86, 87–89, 99–100 & n.4, 423

---

[8] In most published sentence credit cases involving concurrent or arguably concurrent sentences, the sentences at issue were imposed at the same time. *See, e.g., State v. Presley,* 2006 WI App 82, ¶¶ 2, 15, 292 Wis. 2d 734, 715 N.W.2d 713; *State v. Howard,* 2001 WI App 137, ¶¶ 2–9, 18, 246 Wis. 2d 475, 630 N.W.2d 244; *Ward,* 153 Wis. 2d at 745.

N.W.2d 533 (1988), the supreme court suggested, in dictum, that "dual credit" is sometimes required "when a new sentence is imposed to run concurrently with a revoked probation," that is to say, concurrent sentences imposed at different times for different conduct.

¶ 19. In sum, nothing in the *Ward* decision precludes awarding Yanick the sentence credit he seeks.

¶ 20. The State also argues that this case is "controlled" by *Beets*. After summarizing the *Beets* decision, the State asserts: "[J]ust as in *Beets*, the connection between the custody on [Yanick's escape case and his OWI case] was 'severed' when Yanick began serving his [escape prison sentence]. Once he began serving [the escape sentence], he was no longer 'in custody' serving his conditional jail time [pursuant to probation in his OWI case]." We do not agree that the instant case is analogous to *Beets*.

¶ 21. To the extent the State is suggesting that, under *Beets*, by operation of law Yanick ceased serving his conditional jail time when he commenced serving his escape prison sentence, *Beets* does not speak to the issue. The *Beets* court did *not* say that Beets' cash bail status ceased when he commenced his prison sentence. To the contrary, the *Beets* court revealed its apparent assumption that Beets remained in cash bail status when it commented that Beets' ability to post bail did not matter. *See Beets*, 124 Wis. 2d at 379 (once Beets began serving his revocation sentence, "[h]is ability to make bail on the burglary charge became immaterial. Even had the burglary charge been dismissed, [Beets] would still have been in confinement.").[9]

---

[9] Yanick's reliance on *State v. Abbott*, 207 Wis. 2d 624, 558 N.W.2d 927 (Ct. App. 1996), is similarly misplaced. In *Abbott*, the defendant's service of sanction time—imposed for a viola-

¶ 22. To the extent the State is suggesting that *Beets* holds that service of a sentence on crime A always "severs" time in custody owing to crime B for purposes of awarding sentence credit on the sentence for crime B, we disagree. *Beets* addressed a particular type of status —time in custody serving a sentence and awaiting disposition on a separate crime. *Beets* does not address service of a sentence and concurrent service of custody time pursuant to a disposition, which is the sort of concurrent custody time at issue here.

¶ 23. Therefore, the State has not persuaded us that any principle in existing case law precludes the sentence credit Yanick seeks for conditional jail time that was served concurrent with his escape sentence.[10]

### *Conclusion*

¶ 24. We hold that, when a defendant has served conditional jail time, and his or her probation is later revoked and the defendant commences serving an im-

---

tion of intensive sanctions rules—severed the connection between the defendant's cash bail status on a new crime and his later imposed sentence on that new crime. *Id.* at 628–30. As in *State v. Beets*, 124 Wis. 2d 372, 369 N.W.2d 382 (1985), the defendant's service of his sanction time rendered his "ability to make bail on [a charge in a new case] . . . immaterial." *Abbott*, 207 Wis. 2d at 630.

[10] Nothing in this opinion precludes a circuit court from modifying the conditions of probation to remove conditional jail time when a defendant has been sentenced to prison. In general, conditions of probation may be modified, "for cause," at any time prior to the expiration of probation. Wis. Stat. § 973.09(3)(a). We do not address whether the imposition of Yanick's escape prison sentence was sufficient cause to support modifying his probation to eliminate the remainder of his conditional jail time.

posed and stayed sentence, the defendant is entitled to sentence credit for days spent in custody while in conditional jail time status, even if that custody is concurrent with service of an unrelated prison sentence. Accordingly, we remand to the circuit court with directions that the court amend the judgment to add an additional 157 days of sentence credit, subject to the following caveats. Our calculation of this number is contained in footnote 2. We note that, in making our calculation, we assumed that a "six-month" term of conditional jail time is 180 days. In addition, we assumed that good time Yanick might have earned is not deducted. *See* WIS. STAT. § 973.09(1)(d) and *State v. McClinton*, 195 Wis. 2d 344, 347, 536 N.W.2d 413 (Ct. App. 1995) (a court imposing conditional jail time under § 973.09(1)(d) may not preemptively deny good time). We stress that these two assumptions are not holdings and that, on remand, the parties remain free to make arguments on these topics.

*By the Court.*—Order reversed and cause remanded with directions.