COURT OF APPEALS
DECISION
DATED AND FILED

February 7, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP965-CR**

Cir. Ct. No. **2014CF9**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

KENNETH L. RISCH,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Taylor County: ANN KNOX-BAUER, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Kenneth Risch, pro se, appeals an order amending his judgment of conviction to reflect 1,141 days of sentence credit. Risch argues

that he is entitled to additional sentence credit for time he spent confined pursuant to a different case but while on probation in this case. He also argues that the circuit court denied him due process by amending his judgment of conviction without a hearing and that he received constitutionally ineffective assistance of counsel. We reject Risch's arguments and affirm.

## BACKGROUND

¶2    On December 12, 2014, Risch pled no contest to both second-degree sexual assault of a child in this case and sexual gratification with an animal in Taylor County case No. 2014CM6. The criminal complaint in this case alleged that Risch had touched the vaginal area of an eight-year-old girl on two separate occasions. In case No. 2014CM6, the State alleged that Risch had "sexual intercourse with his dog."

¶3    After accepting Risch's pleas, and in accordance with the parties' agreement, the court withheld sentence in both cases. It ordered Risch to serve eight years of probation in this case with one year of conditional jail time. In case No. 2014CM6, the court ordered one year of probation concurrent to the probation in this case and two months of conditional jail time consecutive to the conditional jail time ordered in this case. Risch served his year of conditional jail time in this case from January 19, 2015, until January 19, 2016. According to Risch, he remained confined in jail pursuant to the order in case No. 2014CM6 until March 14, 2016.

¶4    In late 2017, Risch's probation in this case was revoked after the Department of Corrections (DOC) discovered "multiple images of naked or partially clothed children on [Risch's] HP Laptop." The DOC also determined that Risch had possessed and viewed sexually explicit videos with "titles

2

describing the video[s] as containing underage individuals." At the sentencing after revocation hearing, the circuit court sentenced Risch to five years' initial confinement followed by seven years' extended supervision. The court accepted the sentence credit calculation provided by Risch's counsel and awarded Risch 1,189 days of sentence credit. Risch later appealed his sentence to this court, arguing that the circuit court relied on an improper sentencing factor and that his trial counsel was ineffective for failing to object. *State v. Risch*, No. 2019AP2027-CR, unpublished slip op. ¶1 (WI App Sept. 22, 2020). We rejected Risch's arguments and affirmed. *Id.*, ¶2.

¶5 In February 2020, Risch filed a motion seeking to amend his judgment of conviction. He argued that he was entitled to seven additional days of sentence credit and that his judgment of conviction should be amended to reflect 1,196 days of sentence credit in total. Risch's calculation consisted of: (1) ninety-six days from a probation hold between 2013 and 2014; (2) 421 days from his conditional jail time in both this case and case No. 2014CM6; (3) 127 days from a probation hold between 2016 and 2017; (4) seventy-eight days from an alternative to revocation in 2017; and (5) 474 days from a probation hold starting in 2017 and ending with Risch's sentencing after revocation in 2018. Risch also argued that he was entitled to 105 days of good time credit for his conditional jail time pursuant to WIS. STAT. § 973.09(1)(d) (2019-20).[1]

¶6 In response to Risch's motion, the State agreed that the judgment of conviction should be amended, but it argued that Risch was actually entitled to

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

less sentence credit than he had originally received. As relevant to this appeal, the State asserted that Risch was not entitled to any sentence credit for his conditional jail time pursuant to case No. 2014CM6. The State therefore asserted that Risch was entitled to only 366 days of sentence credit for his conditional jail time, not the 421 days calculated by Risch.

¶7 In a written decision, the circuit court ordered that Risch's judgment of conviction be amended to reflect 1,141 days of sentence credit—forty-eight days less than the sentence credit previously awarded. In reaching this conclusion, the court agreed with all but one of Risch's calculations: the 421 days of conditional jail time in both this case and case No. 2014CM6. The court determined that Risch was entitled to credit for only 366 of those days for his conditional jail time served in this specific case. The court also denied Risch's request for good time credit, concluding that Risch's offense did not qualify by statute.[2] Risch later filed a motion for reconsideration, but the court denied that motion as well.

¶8 Risch now appeals. Additional facts will be provided as necessary below.

---

[2] Risch does not develop an argument on appeal that the circuit court erred in determining that he was not entitled to good time credit. Risch has therefore abandoned the argument, and we need not consider it further. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) ("[A]n issue raised in the [circuit] court, but not raised on appeal, is deemed abandoned.").

## DISCUSSION

### I. Sentence credit

¶9 On appeal, Risch argues that he is entitled to fifty-three additional days of sentence credit for his confinement pursuant to case No. 2014CM6.[3] He contends that such confinement was unlawful because the aggregate fourteen months of conditional jail time in this case and in case No. 2014CM6 exceeded the one-year limit in WIS. STAT. § 973.09(4)(a). *See also State v. Johnson*, 2005 WI App 202, ¶¶9, 20, 287 Wis. 2d 313, 704 N.W.2d 318 (concluding that a defendant serves one period of probation under § 973.09 if convicted of two or more offenses at the same time and that the conditional jail time under such period of probation is limited to one year). He also points out that he completed his one year of probation in case No. 2014CM6 before he began serving any conditional jail time in that case; therefore, he served all of his conditional jail time while on probation in this case.

---

[3] Although Risch's motion to the circuit court argued that he was entitled to 1,196 days of sentence credit, he now appears to argue that he is entitled to only 1,194 days. Risch does not explain this discrepancy. Regardless, we need not determine the precise number of days that Risch was confined pursuant to case No. 2014CM6 because we conclude that he is not entitled to any sentence credit for that confinement.

¶10   The State does not address the merits of Risch's argument that the fourteen months of conditional jail time violated WIS. STAT. § 973.09(4)(a),[4] nor does it dispute that Risch had been discharged from case No. 2014CM6 before he began serving any conditional jail time in that case.  Instead, the State argues that Risch has not shown that he is entitled to sentence credit under WIS. STAT. § 973.155 because the time served pursuant to case No. 2014CM6 was not "in connection with" the acts for which his sentence was imposed in this case.  The State also contends that Risch is not entitled to an equitable remedy.

¶11   In Wisconsin, a defendant's right to sentence credit is set forth in WIS. STAT. § 973.155.   The interpretation and application of § 973.155 are questions of law that we review de novo.  *See* *State ex rel. Thorson v. Schwarz*, 2004 WI 96, ¶13, 274 Wis. 2d 1, 681 N.W.2d 914.

¶12   Under WIS. STAT. § 973.155(1)(a), "[a] convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed."  Thus, to be entitled to sentence credit under § 973.155(1)(a), the defendant must show:  (1) that "the defendant was 'in custody'"; and (2) that "the custody was 'in connection with the course of conduct for which the sentence was imposed.'"

---

[4] The State does, however, argue that Risch's argument regarding the validity of the two months of conditional jail time pursuant to case No. 2014CM6 is moot because he "has already served the disputed time in [that] case and that case has been discharged."  Risch did not file a reply brief, nor did he anticipatorily address the issue of mootness in his brief-in-chief.  Thus, he has conceded the argument. *See* *United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to an argument made in response brief may be taken as a concession).  In any event, we need not determine whether Risch's conditional jail time pursuant to case No. 2014CM6 was lawful because even if we assumed that it was unlawful, Risch has not shown that he is entitled to sentence credit for that confinement. *See* *Miesen v. DOT*, 226 Wis. 2d 298, 309, 594 N.W.2d 821 (Ct. App. 1999) (court of appeals "should decide cases on the narrowest possible grounds").

*State v. Lira*, 2021 WI 81, ¶29, 399 Wis. 2d 419, 966 N.W.2d 605 (citations omitted). The connection between the presentence custody and the sentence imposed "must be factual; a mere procedural connection will not suffice." *State v. Johnson*, 2009 WI 57, ¶33, 318 Wis. 2d 21, 767 N.W.2d 207 (hereinafter, *Elandis Johnson*); *see also* *State v. Harrison*, 2020 WI 35, ¶43, 391 Wis. 2d 161, 942 N.W.2d 310.

¶13 Here, it is undisputed that Risch was "in custody" from January 19, 2016, until March 14, 2016, pursuant to the two months of conditional jail time ordered in case No. 2014CM6. Risch has not shown, however, a factual connection between that confinement and the course of conduct for which the circuit court imposed his sentence in this case. In this case, Risch was sentenced for sexual contact with an eight-year-old girl. In contrast, Risch's confinement pursuant to case No. 2014CM6 was in connection to him having sexual intercourse with his dog. Thus, the conditional jail time served pursuant to case No. 2014CM6 was not "in connection with the course of conduct for which sentence was imposed" in this case—i.e., Risch's sexual assault of an eight-year-old girl. *See* WIS. STAT. § 973.155(1)(a).

¶14 Risch attempts to draw several connections between his confinement pursuant to case No. 2014CM6 and his sentence in this case, arguing that both cases were investigated, charged and prosecuted together, and that he was convicted and placed on probation in both cases at the same time. All of these connections, however, are procedural connections between the two cases, not a *factual connection* between the confinement pursuant to case No. 2014CM6 and the conduct for which sentence was imposed in this case. *See* *Elandis Johnson*, 318 Wis. 2d 21, ¶33.

¶15     Moreover, even if the circuit court imposed one term of probation in both this case and in case No. 2014CM6, such a connection does not matter under WIS. STAT. § 973.155(1)(a). "Probation is not a sentence and, therefore, jail time served as a condition of probation is not a sentence." *See State v. Yanick*, 2007 WI App 30, ¶9, 299 Wis. 2d 456, 728 N.W.2d 365. The relevant "sentence … imposed" for purposes of calculating sentence credit under § 973.155(1)(a) is Risch's sentence of five years' initial confinement followed by seven years' extended supervision. That sentence, however, was imposed for Risch's sexual assault of an eight-year-old girl, not Risch's sexual intercourse with his dog in case No. 2014CM6. Therefore, there is no connection between Risch's confinement pursuant to case No. 2014CM6 and the course of conduct for which he was sentenced in this case.

¶16     Risch also appears to suggest that he is entitled to an equitable remedy for his invalid conditional jail time pursuant to case No. 2014CM6, arguing that the "53 days … must be applied somewhere, and by default must be applied [to the sentence imposed in this case]." Our supreme court, however, has instructed that "[c]ourts … should be most hesitant to adopt judicially created remedies [for issues such as sentence credit] when the legislature, the primary policymaker, has statutorily addressed the topic." *State v. Friedlander*, 2019 WI 22, ¶44, 385 Wis. 2d 633, 923 N.W.2d 849.

¶17     Indeed, in a similar context, our supreme court refused to adopt a new remedy for circumstances where WIS. STAT. § 973.155(1)(a) did not apply. *See Harrison*, 391 Wis. 2d 161, ¶66. Specifically, the court considered whether to adopt the concept of advancement, which would have allowed a court to "advance" the commencement date of a second or subsequent sentence to the start date of an earlier sentence that was later determined to be void. *Id.*, ¶¶51, 60. The

court recognized that it was "bound by the plain meaning of sentence credit statutes" and that "to some degree applying advancement would conflict with the statutory choices of the legislature." *Id.*, ¶62. The court therefore concluded that the decision whether to adopt advancement was a public policy choice "better left to the legislature." *Id.*, ¶¶62, 66.

¶18 Similar to the defendant in *Harrison*, Risch has not shown that he is entitled to sentence credit under the plain language of WIS. STAT. § 973.155(1)(a). Even if the conditional jail time that Risch served pursuant to case No. 2014CM6 was unlawful, we cannot create a remedy that would give Risch credit in this case for that confinement. *See Friedlander*, 385 Wis. 2d 633, ¶44. We therefore reject Risch's contention that "by default" he must be given sentence credit in this case for his conditional jail time pursuant to case No. 2014CM6.

## II. Due process

¶19 Risch next argues that the circuit court denied him due process by "revok[ing some of his] sentence credit without a hearing." Risch suggests that such a hearing was required pursuant to *State v. Amos*, 153 Wis. 2d 257, 450 N.W.2d 503 (Ct. App. 1989). Risch's arguments are misplaced.

¶20 "Due process requires that there be an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." *State ex rel. Schatz v. McCaughtry*, 2003 WI 80, ¶18, 263 Wis. 2d 83, 664 N.W.2d 596. However, "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." *State v. Chamblis*, 2015 WI 53, ¶54, 362 Wis. 2d 370, 864 N.W.2d 806 (citations omitted). Whether a due process violation has occurred is a question of law that

9

we review de novo. *See* ***State v. Luedtke***, 2015 WI 42, ¶37, 362 Wis. 2d 1, 863 N.W.2d 592.

¶21 Under the circumstances, Risch received adequate notice and a sufficient opportunity to be heard on the issue of sentence credit. Risch himself requested that the circuit court consider the issue and knew that the State had, in turn, requested that Risch's sentence credit be reduced. Risch also had an opportunity to fully develop his arguments on the issue through his written submissions to the court, including his reply brief opposing the State's request to reduce his sentence credit. Significantly, there were no factual disputes regarding the amount of time Risch had spent in custody, such that an evidentiary hearing might have been necessary, nor did Risch specifically request a hearing on his motion. The court could therefore determine from the record and the briefing alone whether Risch was entitled to sentence credit in this case for his conditional jail time served pursuant to case No. 2014CM6.

¶22 Furthermore, ***Amos*** is not analogous to this case. In ***Amos***, the circuit court sua sponte eliminated the previously awarded sentence credit without giving the defendant prior notice or an opportunity to be heard. ***Amos***, 153 Wis. 2d at 267-68, 281. We recognized that the circuit court's actions had denied the defendant due process, but we nonetheless concluded that the defendant had received due process with his subsequent postconviction motion. *See* ***id.*** at 281. As discussed above, unlike the defendant in ***Amos***, Risch had adequate notice that the court was considering the issue of sentence credit, and he had a sufficient opportunity to be heard through his briefing.

## III. Ineffective assistance of counsel

¶23    Finally, Risch raises two separate claims of ineffective assistance of counsel.[5]   First, he contends that his counsel at the sentencing after revocation hearing performed deficiently by recommending 1,189 days of sentence credit instead of the amount now calculated by Risch.   He asserts that if counsel had correctly calculated Risch's sentence credit, "the series of events" that led to this appeal—including Risch's own pro se motion—would not have occurred.   Second, he argues that his trial counsel in 2014 performed deficiently by "failing to understand the law," by failing to "object[] during sentencing," and by failing "to follow up with Risch on [his] post-conviction relief."   Risch asserts that counsel's deficient performance led to "an illegitimate illegal probation order."

¶24    A criminal defendant has the constitutional right to effective assistance of counsel. *State v. Sholar*, 2018 WI 53, ¶32, 381 Wis. 2d 560, 912 N.W.2d 89.   To prevail on an ineffective assistance of counsel claim, the defendant bears the burden of proving: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id.*   A court need not address both prongs of this inquiry if the defendant does not make a sufficient showing on one. *State v. Smith*, 2003 WI App 234, ¶15, 268 Wis. 2d 138, 671 N.W.2d 854.

---

[5] From our review of the record, it does not appear that Risch raised his ineffective assistance claims in the circuit court.   Generally, we need not address an ineffective assistance of trial counsel claim if raised for the first time on appeal. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 677-78, 556 N.W.2d 136 (Ct. App. 1996).   In any event, we will address Risch's claims because the record conclusively demonstrates that he is not entitled to relief, *see State v. Phillips*, 2009 WI App 179, ¶17, 322 Wis. 2d 576, 778 N.W.2d 157, and because the State did not argue forfeiture or waiver in its appellate brief.

¶25 Even if we assumed that Risch's trial counsel had performed deficiently by miscalculating Risch's sentence credit, we conclude that Risch has not established prejudice. To establish prejudice, "a defendant must show that there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." *State v. Savage*, 2020 WI 93, ¶32, 395 Wis. 2d 1, 951 N.W.2d 838 (citation omitted). As we have explained, Risch was ultimately entitled to less sentence credit than the amount calculated by his trial counsel and originally adopted by the circuit court. Thus, counsel's error did not prejudice Risch's defense but rather *benefited* Risch because he originally received more credit than the amount he was entitled. Furthermore, Risch's motion to amend his judgment of conviction—not his trial counsel's actions—caused the court to reduce Risch's sentence credit. In short, Risch suffered no prejudice from his counsel miscalculating Risch's sentence credit.

¶26 Likewise, even if Risch's original trial counsel had provided ineffective assistance by allowing Risch to agree to an unlawful amount of conditional jail time in his plea agreement, Risch has not identified a possible remedy for such an error. The State specifically contends that "there is no remedy available to [Risch]." The State points out that Risch has already served the jail time at issue and that case No. 2014CM6 was discharged years ago. The State also correctly observes that Risch is not entitled to sentence credit in this case for that jail time. Risch did not file a reply brief, nor did he address these arguments in his brief-in-chief. Accordingly, we deem Risch to have conceded the State's

argument that he has no remedy available to him.[6] *See **United Coop. v. Frontier FS Coop.***, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] Risch makes several statements—without citation to the record—accusing the circuit court of lacking impartiality, disregarding the law, and "blindly following the State's wishes." Although Risch organizes these statements as a separate argument and cites legal authority related to judicial bias, he neither applies that legal authority to the alleged facts of this case nor asks for any relief other than "correct[ing]" the court's order. We do not construe Risch's statements to be a separate claim of judicial bias. However, to the extent he does make such a claim, we conclude that he cannot prevail. *See **State v. Gudgeon***, 2006 WI App 143, ¶¶20-26, 295 Wis. 2d 189, 720 N.W.2d 114. For the reasons we have explained, the court correctly determined that Risch was not entitled to credit in this case for his conditional jail time pursuant to case No. 2014CM6. In addition, our review of the record does not suggest that the court disregarded the relevant law or "blindly follow[ed] the State's wishes." To the contrary, the court awarded Risch one more day of sentence credit than the State had originally argued.

We have thoroughly examined Risch's appellate briefing in an attempt to discern all of his arguments. To the extent we do not address an argument, we conclude it is not sufficiently developed to merit discussion. *See **State v. Waste Mgmt. of Wis., Inc.***, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("[I]ssues raised and not discussed … can be deemed to lack sufficient merit or importance to warrant individual attention.").